The **ASSOCIATED GENERAL CONTRACTORS OF AMERICA, INC., OKLAHOMA CHAPTER–BUILDER'S DIVISION,** Plaintiff-Appellant,

v.

**LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL 612** and Laborers National Craft Board and Construction Industry Stabilization Committee, Defendants-Appellees,
and
Laborers International Union of North America, Intervenor-Appellee.

**No. 10–3.**

Temporary Emergency Court of Appeals.

Dec. 7, 1973.

———◆———

Edward E. Soule, Lytle Soule & Emery, Oklahoma City, Okl., for plaintiff-appellant.

Before CHRISTENSEN, VAN OOSTERHOUT and ESTES, Judges.

PER CURIAM.

Notice of appeal has been filed with this court by the above-named plaintiff-

appellant from a judgment entered on September 28, 1973, by the United States District Court for the Western District of Oklahoma in its case No. 72–544 civil.

It is stated in the notice of appeal that "[t]he present appeal results from the District Court's failure to comply with the mandate of this Court" in No. 10–2, Associated Gen. Con. of A., Inc., Okl., Etc. v. Laborers Int. U., 476 F.2d 1388 (Em.App.1973). Simultaneously with the filing of the notice of appeal herein the plaintiff-appellant filed with this court application for writ of mandamus seeking to have the trial judge vacate his September 28, 1973, judgment and to enter judgment in accordance with what appellant contends to have been the mandate of this court. We have denied this application as being without merit. No. 10–4, The Associated General Contractors of America, Inc., Oklahoma Chapter—Builder's Division, Etc. v. Laborers International Union of North America Local 612, Etc. (Em. App., Nov. 28, 1973).

Thus, while the record of the trial court's judgment of September 28, 1973, has not yet been brought up directly as part of the instant appeal, it already has been placed before us in connection with the related application in the alternative for a writ of mandamus. To now close our eyes to this related record when on its face, in the light of our prior decision, our lack of jurisdiction of the present appeal is revealed would be to invite further processing and briefing without purpose and to reestablish or prolong unseemly simultaneous appellate reviews of the same case by different tribunals without justification.[1]

In Associated Gen. Con. of A., Inc., Okl., Etc. v. Laborers Int. U., (No. 10–2) *supra*, 476 F.2d at 1391, limiting our attention to questions arising under the Economic Stabilization Act of which we had jurisdiction, it was stated among other things:

".  .  .  Apparently Local 612 has resisted affiliation with the District Council of the International Union, at least insofar as preserving its practices of directly bargaining with AGC. This is a problem not before us. The Local and AGC formally signed a collective bargaining agreement on March 13, 1972. International claimed before the trial court that this collective bargaining agreement was invalid because the Local was not represented by a proper bargaining agent. The trial court did not resolve this issue and we do not reach it here."

It was only because the trial court apart from the problem last above mentioned based its decision upon rejection of the bargaining agreement by administrative agencies created in pursuance of, and relying upon, the Stabilization Act, as amended, that we exercised jurisdiction of the prior appeal. Holding that the administrative action in question was not authorized by the Stabilization Act, executive orders, or regulations thereunder, we remanded the case to the trial court for further proceedings "not inconsistent with this opinion."

■ A reading of the subsequent opinion and judgment of the trial court

---

[1]. On Nov. 21, 1973, the Court of Appeals for the Tenth Circuit filed its opinion in Gordon v. Laborers International Union of North America, 490 F.2d 133 (10th Cir. 1973), dealing with the collective bargaining phases of the controversy which we otherwise considered in Associated Gen. Con. of A., Inc., Okl., Etc. v. Laborers Int. U., (No. 10–2) *supra*. The court of appeals in concluding its circumspect and well-considered opinion stated:

"We believe that good judicial administration mandates that we avoid any semblance of a conflict with TECA. The best solution which we can contrive is to get the entire question of contract validity back into the district court. We affirm the judgment insofar as it upholds the trusteeship and dissolves the preliminary injunction. On the issue of the validity of the March 13 contract we reverse and remand the case for further proceedings in the light of both this opinion and the TECA opinion."

renders it perfectly clear that its further proceedings were in harmony with our decision, but consistent therewith led determinatively to consideration of an issue not involving the Stabilization Act and one which we had expressly declined to rule upon in the earlier appeal —authority of purported bargaining agents to enter into the March 13, 1972, agreement.[2] As to this issue it further appears obvious that any appeal would be within the exclusive jurisdiction of the United States Court of Appeals for the Tenth Circuit.

■ To avoid further concern on the part of the latter court with respect to possible conflicts,[3] and because we have a continuing duty to take cognizance of jurisdictional limitations upon our own motion when a question occurs, we consider prompt dismissal of the instant appeal for lack of jurisdiction on the part

of this court essential to proper judicial administration.

The jurisdiction of the Temporary Emergency Court of Appeals is confined by § 211(b)(2) of the Economic Stabilization Act, as amended, to "cases and controversies arising under this title or under regulations or orders issued thereunder." As we said in United States v. Cooper, 482 F.2d 1393, 1398 (Em.App. 1973), "courts of special jurisdiction should strictly construe their statutory grants of jurisdiction." See also City of Groton, Etc. v. Fed. Power Comm., et al., 487 F.2d 927 (Em.App., 1973), and Associated Gen. Con. of A., Inc., Okl., Etc. v. Laborers Int. U., (No. 10–2) *supra*, 476 F.2d at 1402. As to the present appeal it is clear that this court has no jurisdiction. Accordingly the appeal must be dismissed.

It is so ordered.

2. The judgment of the trial court now appealed from held that there was no valid or existing contract between plaintiff and the Union, and none existed to be approved by the Laborers National Craft Board and Construction Stabilization Committee since it "never became a valid existing contract because it was not entered into by competent or authorized bargaining agents of Local 612 . . . .".

3. In Gordon v. Laborers International Union of North America, *supra*, the Court of Appeals stated:
   "We find ourselves in an anomalous situation. Appeals have been taken to both TECA and the Tenth Circuit from the same district court judgment. Both appeals deal with the same subject, the validity of the March 13 contract. In TECA the question was compliance with the economic Stabilization Act. In the Tenth

Circuit the question is the authority of Local 612 to make the contract in violation of the rules and policies of the parent union. The Tenth Circuit situation is complicated by the fact that the contractors have not appeared and the record is so confusing that we are unable to say whether Local 612 is before us. Although we have grave doubt as to the validity of the contract in the circumstances shown by the record before us, we are reluctant to decide the issue.
   "A strange situation exists when two different appellate courts are reviewing the same district court judgment . . . Apparently there has been no effort to obtain certiorari review of the TECA action and its decision is the law of the case. An intolerable situation would result if we came out with a different disposition than did TECA."