**TEXACO INC. et al.,**
**Plaintiffs-Appellees,**

v.

**DEPARTMENT OF ENERGY et al.,**
**Defendants-Appellants.**

**CLARK OIL AND REFINING COMPANY et al., Plaintiffs-Appellees,**

v.

**DEPARTMENT OF ENERGY et al.,**
**Defendants-Appellants.**

**INDEPENDENT REFINERS ASSOCIATION OF AMERICA,**
**Plaintiffs-Appellees,**

v.

**DEPARTMENT OF ENERGY et al.,**
**Defendants-Appellants.**

**Nos. DC–52 to DC–54.**

Temporary Emergency Court of Appeals.

Argued April 30, 1979.

Decided Oct. 15, 1979.

Barbara J. Weller, Atty., Federal Energy Regulatory Commission, Washington, D. C. (Robert R. Nordhaus, Gen. Counsel, and Howard E. Shapiro, Sol., Federal Energy Regulatory Commission, Washington, D. C., with her on the brief), for defendant-appellant Federal Energy Regulatory Commission.

David Galbraith, Ginsburg, Feldman & Bress, Washington, D. C. (Fred W. Drogula, Ginsburg, Feldman & Bress, Washington, D. C., with him on the brief), for defendant-appellant Commonwealth Oil Refining Co., Inc.

Donald B. Craven, Miller & Chevalier, Washington, D. C. (Jay L. Carlson and Craig D. Miller, Miller & Chevalier, Washington, D. C., with him on the brief); and Stephen H. Bard and Elizabeth P. Smith, White Plains, N. Y., Charles S. Lindberg, William Streets and Francis A. Rowen, Jr., New York City; W. J. McAnelly, Jr., Barbara Finney and Edward de la Garza, Houston, Tex., with him on the brief, for plaintiffs-appellees Texaco, Inc., Mobil Oil Corp. and Exxon Corp.

Timothy J. Bloomfield, Dunnells, Duvall, Bennett & Porter, Washington, D. C., and Edwin Jason Dryer, Washington, D. C., on the brief, for plaintiff-appellee Independent Refiners Assn. of America.

Timothy J. Bloomfield, Dunnells, Duvall, Bennett & Porter, Washington, D. C., and Terry A. Barnett and Richard W. Bowe, Cladouhos & Brashares, Washington, D. C., on the brief, for plaintiffs-appellees Clark Oil & Refining Corp. and Crown Central Petroleum Corp.

Before HOFFMAN, JOHNSON and GEWIN, Judges.

FRANK M. JOHNSON, Jr., Judge.

This is an appeal from orders entered August 29, 1978, and November 14, 1978, by the United States District Court for the District of Columbia. The consolidated cases concern challenges to an interim order of the Department of Energy (DOE) granting adjustment relief under the oil entitlements program to Commonwealth Oil Refining Co. (Corco).

The background to this dispute is an effort by the DOE to stimulate the production of California crude oil. On June 15, 1978, the DOE announced a special procedure using grants of exception relief to provide incentives for the transportation of California crude oil to refineries outside the state. On June 22, 1978, Corco applied for such exception relief, and on June 30, the

Office of Hearings and Appeals (OHA) of the DOE issued a proposed decision and order granting Corco two types of relief: (1) entitlements worth $4.41 per barrel of California crude oil purchased by Corco for processing at its Puerto Rican refinery, and (2) partial exemption from entitlements penalties assessed against refiners selling residual fuel oil in the East Coast market. Several refiners, including Texaco, Mobil, and Exxon, filed notices of objection to the proposed decision. These objections triggered a process for comment and hearings on the proposed decision, only at the conclusion of which a final decision and order could be entered. On July 17, however, Corco filed an application for interim relief to permit it to begin transporting California crude oil to its Puerto Rican refinery during the period set aside for the consideration of objections to the proposed decision. Three days later, on July 20, the OHA granted Corco's application and issued an interim decision and order. This order stated that the relief granted would not later "be rescinded or significantly reduced." Under the interim order, Corco was to receive entitlements of $4.41 per barrel of California crude oil, up to a total of 25,000 barrels, for sixty days.

The following day, July 21, Exxon filed a notice of appeal from the interim decision with the Federal Energy Regulatory Commission (FERC). Texaco, Mobil, Crown, and the Independent Refiners Association of America (IRAA) followed suit. On August 8, FERC issued interim procedural regulations governing its review of requests for exception relief, and on August 9, FERC dismissed Exxon's appeal on the ground that it lacked statutory authority to review "grants" of relief. Interpreting § 504(b) of the DOE Act, 42 U.S.C. § 7194(b)(1), FERC ruled that it only has jurisdiction to review "denials" of requests for relief.

Texaco, Mobil, Exxon, Clark, and Crown filed complaints in the district court seeking a permanent injunction restraining the DOE from implementing the interim order. The IRAA filed a separate complaint alleging that FERC improperly refused to review the grant of interim relief. That point was the sole basis of the district court's decision. The district court held that FERC has authority to review the July 20 interim order. Accordingly the court remanded the proceeding to FERC.[1]

The case is now before this Court on appeal by FERC. There are three issues:

(1) whether TECA has jurisdiction over this appeal;

(2) whether the DOE's decision and order of September 12, 1978, moots this case; and

(3) whether Section 504(b)(1) of the DOE Act, 42 U.S.C. § 7194(b)(1) only confers jurisdiction on FERC to review denials of requests for exception relief.

Because this Court finds that it lacks jurisdiction, it need not reach the latter two issues.

Plaintiffs argue quite simply that the issue on appeal arises solely under the DOE Act, and that this Court's limited jurisdiction does not extend to such issues. Defendants concede that the issue appealed arises solely under the DOE Act, but argue that that issue is part of a larger "case or controversy" arising under the Emergency Petroleum Allocation Act (EPAA). Issues arising under the EPAA are indisputably the dominion of this Court.

A literal reading of the statutes lends plausibility to defendants' position. Precedent indicates, however, that this Court has consistently decided whether it has jurisdiction on an issue-by-issue basis. Because the issue on appeal here arises solely under the DOE Act, this Court lacks jurisdiction.

---

1. All the while proceedings on plaintiffs' objections to the proposed decision of June 30 continued. On September 12, DOE issued a final decision and order, granting Corco prospective relief and confirming the interim relief afforded on July 20. [Texaco, Mobil, and Exxon have now filed a complaint in the United States District Court for the District of Columbia challenging the September 12 decision.]

The Temporary Emergency Court of Appeals is a court of special and limited jurisdiction. In creating TECA, Congress gave it "exclusive jurisdiction of all appeals from the district courts of the United States in cases and controversies arising under this title or under regulations or orders issued thereunder." § 211(b)(2), Economic Stabilization Act of 1970, 12 U.S.C. § 1904 note. The Emergency Petroleum Allocation Act, 15 U.S.C. § 754, incorporated this grant of special jurisdiction:

> [S]ections 209 through 211 of the Economic Stabilization Act of 1970 . . . shall apply to the regulation promulgated under section 4(a), to any order under this Act, and to any action taken by the President (or his delegate) under this Act, as if such regulation had been promulgated, such order had been issued, or such action had been taken under the Economic Stabilization Act of 1970.

The DOE Act, 42 U.S.C. § 7192, in turn, provides that:

> (a) Judicial review of agency action taken under any law the functions of which are vested by law in, or transferred or delegated to the Secretary, the Commission or any officer, employee, or component of the Department shall, notwithstanding such vesting, transfer, or delegation, be made in the manner specified in or for such law.
>
> (b) Notwithstanding the amount in controversy, the district courts of the United States shall have exclusive original jurisdiction of all other cases or controversies arising exclusively under this chapter, or under rules, regulations, or orders issued exclusively thereunder . . . . .

Agency action taken under the EPAA is one such function that has been transferred to the DOE. Therefore, judicial review of such agency action may be had, as provided by the EPAA, in the district court and subsequently in this Court. There is no question, for example, that an order granting or denying adjustment relief from the oil entitlements program may be appealed to this Court. But in its present posture, this is not such a case.

The complaint in this case challenges the interim adjustment relief granted to Corco. The district court, however, did not reach the merits of that decision and order. It stopped short of the merits, holding only that FERC erred in refusing to hear plaintiffs' objections to the interim decision and order. For purposes of this appeal, then, the only "agency action" being challenged is the "inaction" of FERC in refusing to entertain plaintiffs' appeals. That inaction was based on FERC's reading of Section 504(b)(1) of the DOE Act, 42 U.S.C. § 7194(b)(1), which provides:

> If any person is aggrieved or adversely affected by a denial of a request for adjustment under subsection (a) of this section such person may request a review of such denial by the Commission and may obtain judicial review in accordance with this subchapter when such a denial becomes final.

Whether FERC must entertain an appeal from a grant as well as a denial of adjustment relief thus involves an interpretation of the DOE Act itself and not an application of any other law, the functions of which have been transferred to the DOE. Section 502(b) of the Act, 42 U.S.C. § 7192(b), thus controls judicial review. It provides that the district courts shall have exclusive original jurisdiction of all cases arising exclusively under the Act without special provision for appeal to TECA. That "omission" is decisive on the question of this Court's jurisdiction. This Court may act only where it has express authority to do so.

Defendants argue, however, that it is not the nature of the issue on appeal but the nature of the case or controversy that is determinative of this Court's jurisdiction. Both Section 211 of the Economic Stabilization Act and Section 502 of the DOE Act speak of "cases and controversies" in providing for judicial review. But TECA has repeatedly refused to exercise jurisdiction over issues or claims not arising under the EPAA even though they may be joined in the same case with other issues or claims that do arise under the EPAA. *Longview*

*Refining Co. v. Shore*, 554 F.2d 1006 (Em. App.1977); *Spinetti v. Atlantic Richfield Co.*, 522 F.2d 1401 (Em.App.1975); *Associated General Contractors v. Laborers International Union, Local 612*, 489 F.2d 749 (Em. App.1973); *City of Groton v. Federal Power Commission*, 487 F.2d 927 (Em.App.1973).[2] In *Spinetti*, the plaintiff asserted claims under the antitrust laws as well as under FEO regulations. Noting that "courts of special jurisdiction should strictly construe their statutory grants of jurisdiction," *quoting United States v. Cooper*, 482 F.2d 1393, 1398 (Em.App.1973), this Court held that the antitrust, fair trade, and contractual claims were appealable only to the Court of Appeals. The Court took jurisdiction, however, to consider the claim asserted under the oil allocation regulations. Relying on that holding, this Court in *Longview Refining* indicated that had the district court not dismissed the antitrust claims that constituted plaintiff's second and third causes of action, it would not have had jurisdiction over those claims, although it did have jurisdiction to decide plaintiff's first count alleging violations of EPAA regulations. Both cases stand for the proposition that jurisdiction is not an either-or proposition with regard to the case as a whole. Rather the Court takes jurisdiction over those issues which it has authority to decide, refusing to hear any others, although they are all part of the same case or controversy. Thus, in *City of Groton*, this Court decided the first issue in the case but not the second, finding that the latter raised issues under the Federal Power Act which were exclusively reviewable in the Court of Appeals.

Defendants may be accurate in saying that the possibility of dual appellate review is confusing. But this Court has faced that possibility and endorsed it, as have the Courts of Appeal. In *City of Groton*, this Court cited *Municipal Electric Utility Ass'n of Alabama v. FPC*, 158 U.S.App.D.C. 188, 191–92, 485 F.2d 967, 970–71 (1973), in which the Court of Appeals for the District of Columbia said:

> In *Municipal Intervenors Group* we stated: 'The circumstances that utilities are subject to two types of regulatory control raises the possibility of two types of judicial review' . . . . We believe that *an entirely harmonious accommodation of the two pertinent Congressional enactments can be achieved by dual review of the Commission's order in both this court and the District Court, each tribunal acting within the sphere of its statutorily defined exclusive jurisdiction.*

Likewise in *Associated General Contractors*, this Court took jurisdiction of some but not all of the issues, holding as to one issue that "any appeal would be within the exclusive jurisdiction of the United States Court of Appeals for the Tenth Circuit." 489 F.2d, at 751.[3]

Defendants would have the Court distinguish these cases because the issues over which the Court refused to assert jurisdiction arose "under substantive regulatory authority distinct from those statutes over which this Court has exclusive appellate competence."[4] (Opposition of FERC to Appellees' Motion to Dismiss, p. 6). It is cer-

---

2. *Citronelle-Mobile Gathering, Inc. v. Gulf Oil Corp.*, 591 F.2d 711 (Em.App.1979) and *Mountain Fuel Supply Co. v. R. Johnson and Johnson Oil Co.*, 586 F.2d 1375 (10th Cir.1978) are not to the contrary. In both cases, the plaintiff suppliers sued for breach of contract. And in both cases, the defendant purchasers counterclaimed, alleging that the contractual price violated the EPAA. Despite the existence in the cases of the common law claims for breach of contract, both opinions held that exclusive appellate jurisdiction vested in TECA because, practically speaking, "the resolution of the litigation in its entirety requires application and interpretation of the EPAA of 1973, as amended September 29, 1975." 591 F.2d, at 716. De-

cision by TECA was deemed appropriate because resolution of the one issue arising under the EPAA would resolve the entire case. This assertion of jurisdiction is consistent with the general rule that TECA will not address issues not arising under the EPAA.

3. That issue was reached by the Tenth Circuit in *Gordon v. Laborers International Union*, 490 F.2d 133 (1973).

4. Corco may be understood to argue that even if these cases are not distinguishable, TECA has recognized an exception where one of the issues on appeal arises under the Administrative Procedure Act. *Standard Oil Co. v. De-*

tainly true that the EPAA and the DOE Act are not unrelated; the two bodies of law intermesh. But for purposes of delineating jurisdiction, the question is not one of relatedness between the issue raised on this appeal and the regulatory program of the EPAA.

Our dissenting brother apparently accepts our conclusion that TECA has jurisdiction only over issues or claims arising under the EPAA. He contends, however, that the only claim in this case concerns the validity of the exception relief granted Corco—an EPAA issue—and that this claim subsumes the DOE Act question of whether FERC had authority to review the grant of relief.

We cannot agree. For purposes of determining TECA jurisdiction, what is determinative is not whether an EPAA question exists but whether an EPAA question has been adjudicated. *See Coastal States Marketing, Inc. v. New England Petroleum Corp.*, 604 F.2d 179 at 187 (2d Cir. 1979). The sole basis of the district court's decision and the sole concern on this appeal is the lower court's holding that FERC had review authority. The propriety of that holding, as the defendants concede, is not an EPAA question. It is a question that arises solely under the DOE Act.

Jurisdiction is to be strictly construed. Because the sole issue on appeal arises under the DOE Act, judicial review is governed by 42 U.S.C. § 7192(b) and not 15 U.S.C. § 754, as incorporated by 42 U.S.C. § 7192(a).

Accordingly, it is ORDERED and ADJUDGED that this appeal be dismissed for want of jurisdiction.

*partment of Energy*, 596 F.2d 1029 (1978). It implicitly contends that a similar exception should be recognized for an issue arising under the DOE Act, where it is joined with issues arising under the EPAA. But as this Court plainly stated in *Standard Oil* at p. 1056, "Section 4 of the APA was incorporated by reference in Section 5(a)(1) of the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. § 754(a)(1)." An issue arising under the APA is not a collateral issue, then, but, by virtue of Section 5(a)(1) of the EPAA, an issue arising

WALTER E. HOFFMAN, Judge, dissenting.

The majority has held that TECA has no jurisdiction to consider an action relating to the validity of exception relief granted under EPAA and regulations promulgated thereto. Thus, although denial of relief would be appealable, the granting of relief is effectively foreclosed and is not reviewable in any court.[1] Without expressing any view as to the correctness of the trial court's ruling, I believe that TECA should take jurisdiction and decide the issue.

The majority finds that Section 502(b), of the DOE Act, 42 U.S.C. § 7192(b), controls judicial review and that the "omission" of any appeal to TECA under Section 502(b) is decisive on the question of TECA's jurisdiction, citing TECA's refusal to exercise jurisdiction over issues or claims not arising under the EPAA even though joined in the same case with other issues or claims that do arise under EPAA. It is my view that these cases are distinguishable as, in our case, the *only* claim before the district court was an action respecting the validity of exception relief granted under EPAA and regulations promulgated thereunder, and a decision of the merits would definitely have to be appealed to TECA. The issue as to whether the Federal Energy Regulatory Commission (FERC) should have heard the appeal from the administrative action is an issue of law arising wholly within the claim under EPAA. It is not a separate, substantive claim for relief, but rather a procedural matter. By analogy, situations occur where a court has to determine what the law is in another jurisdiction—this does not destroy the jurisdiction of the court. Moreover,

under the EPAA itself. There is thus no exception to support an analogue.

1. Economic Stabilization Act (ESA) of 1970, 12 U.S.C. § 1904 note. Under Section 211(b)(2), Congress gave TECA the "exclusive jurisdiction of all appeals from the district courts of the United States in cases and controversies arising under this title or under regulations or orders issued thereunder." The Emergency Petroleum Allocation Act (EPAA), 15 U.S.C. § 754, has incorporated this grant of jurisdiction.

this case involves the interpretation of an Act which is definitely within the purported expertise of TECA, namely, the DOE Organization Act.

Authorities cited by the majority are inapposite. *Longview Refining Co. v. Shore,* 554 F.2d 1006 (Em.App.1977), and *Spinetti v. Atlantic Richfield Co.,* 522 F.2d 1401 (Em. App.1975), are essentially similar. They involved claims under anti-trust, state law claims, Fair Trade contract claims, and EPAA. TECA declined to take jurisdiction over the non-EPAA claims. *City of Groton v. Federal Power Commission,* 487 F.2d 927 (Em.App.1973), held that claims arising under the Federal Power Act cannot be raised in TECA, 487 F.2d at 935. *Associated General Contractors v. Laborers International Union, Local 612,* 489 F.2d 749 (Em.App. 1973), was more complex. In that case, an agency made a decision affecting the validity of bargaining agreements in reliance on the ESA. TECA, on appeal, held that such action by the agency was not authorized by the ESA, and remanded the case to the district court for further proceedings. After the decision on the merits, the case was again appealed to TECA where it was held that since the case no longer involved the ESA, there was no jurisdiction in TECA.

We must wonder as to the wisdom and necessity of creating a special court such as TECA. Approximately thirty percent of TECA's cases are decided upon jurisdictional grounds. Certainly, TECA is no longer a "temporary" court with the energy crisis here to stay. If we do not approach these jurisdictional questions with some broadening view, it may well result in the regular courts of appeal handling such matters as they do with other government agency actions.[2] For these reasons, I respectfully dissent.

---

2. See: *Coastal States Marketing, Inc. v. New England Petroleum Corporation,* 604 F.2d 179 (2nd Cir. 1979), discussing "issue" jurisdiction in TECA as contrasted with traditional "arising under" jurisdiction.