**Robert J. KAELIN, Plaintiff,**

v.

**The LONG ISLAND RAILROAD COMPANY, Defendant.**

**No. 78 C 1640.**

United States District Court,
E. D. New York.

Dec. 31, 1980.

Jonathan Sinnreich, New York City, for plaintiff.

Thomas M. Taranto, Jamaica, N. Y., for defendant Long Island R. Co.; Roger J. Schiera, New York City, of counsel.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This is the second time the Court is called upon to decide whether plaintiff has a cognizable claim for relief under federal law as against the Long Island Railroad Company ("LIRR"), the sole remaining defendant. A prior motion by the then defendants, pursuant to Rule 12(b)(6), F.R.Civ.P., to dismiss the complaint for failure to state a claim was denied, although all defendants except LIRR were dropped.[1] LIRR has now moved for summary judgment in its favor pursuant to Rule 56, F.R.Civ.P., on the ground that a final determination made by the United States Department of Labor bars any relief for plaintiff. For the reasons which follow, summary judgment in favor of LIRR is appropriate and is granted.

 When plaintiff commenced this action, he appeared *pro se* and was entitled to a liberal reading of his complaint. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). And since upon such a reading it could not be said with assurance that no viable claim had been stated, the complaint could not be dismissed. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). That situation no longer exists. Plaintiff is now represented by able counsel, material facts have been brought to light which are not in dispute, and the applicable law has been clarified in this circuit.

Essentially, plaintiff claimed that he was denied employment by LIRR as a locomotive engineer-trainee because LIRR was hiring only unemployed Nassau County residents enrolled in the County's program as a prime sponsor under the Comprehensive Employment and Training Act (CETA). Plaintiff was at that time a resident of Suffolk County and not within the income limit for CETA enrollees. His prior complaints to the New York State Division of Human Rights and the Equal Employment Opportunity Commission having been turned down on jurisdictional grounds, plaintiff drafted his own complaint alleging that LIRR was using federal funds to train locomotive engineers instead of its own funded training program, and that this constituted a violation of the CETA "maintenance of effort" (MOE) regulation. In addition, plaintiff appeared to claim that LIRR's use of federal funds in this manner excluded him categorically from a position he would otherwise have had the right to seek and thus denied him his civil rights in violation of 42 U.S.C. § 1983.

Recognizing the complexity of the questions raised by plaintiff and the paramount interest of the Secretary of Labor in the investigation of complaints, 29 U.S.C. § 816, the court directed that the Secretary be added as a party pursuant to Rule 21, F.R. Civ.P. Plaintiff thereafter served a supplemental summons and complaint upon the Secretary, naming him as a defendant. In response to that complaint, the Secretary directed the Regional Administrator of CETA to conduct an investigation into plaintiff's charges against LIRR. Although an initial determination was made that a MOE violation had occurred, plaintiff was advised that this could not result "in an order to hire you, since the proposed remedy is to disallow costs and ... end the CETA engineer training program."[2] Subsequently, plaintiff was further advised that the initial determination was incorrect and that the Department of Labor's final

---

1. See Memorandum and Order dated November 9, 1978, denying the motion to dismiss under Rule 12(b)(6).

2. Letter of James A. Ware, Regional Administrator, to plaintiff dated August 31, 1979. The administrative investigation continued, however, pursuant to a stipulation dated November 2, 1979, discontinuing the action as against the Secretary, to which plaintiff consented.

determination was that LIRR had not committed a MOE violation.[3]

In moving for summary judgment LIRR relies heavily upon the administrative finding of the Department of Labor that there was no violation of its CETA regulations. LIRR argues that if plaintiff was not satisfied with the determination, he had the right to a hearing before an administrative law judge and ultimate appeal to the United States Court of Appeals but did not exercise those rights. In such circumstances, LIRR contends, any review of the administrative action must be limited to determining whether it was arbitrary, capricious or an abuse of discretion, citing *Whelan v. Binigar*, 538 F.2d 924, 927 (2d Cir. 1976), and *Richardson v. Simon*, 420 F.Supp. 916, 918 (E.D.N.Y.1976), aff'd, 560 F.2d 500 (2d Cir. 1977), *appeal dismissed*, 435 U.S. 939, 98 S.Ct. 1516, 55 L.Ed.2d 536 (1978).

In opposing summary judgment, plaintiff's principal argument is that an administrative adjudication cannot be given *res judicata* or collateral estoppel effect unless it results from the "equivalent of a plenary trial," citing *Old Dutch Farms, Inc. v. Milk Driv. & Dairy Emp. Loc. U. No. 584*, 281 F.Supp. 971, 975 (E.D.N.Y.1968). He contends he was never afforded a full and fair opportunity to present his version of the facts to the Regional Administrator, since there was no evidentiary hearing, and that the latter's determination was based upon off-the-record conversations with the parties and unsworn documentary submissions.

The crux of this case, however, is not whether plaintiff did or did not have an adequate administrative hearing on his CETA complaint but whether he had any right to maintain this action at all. In light of the undisputed facts now disclosed and the recent decision in *CETA Workers' Org. Committee v. City of New York*, 617 F.2d 926 (1980), it is clear that he did not, and that the action should be dismissed by summary judgment.

■ First, to the extent that plaintiff sues to rectify alleged misuse of CETA funds by LIRR, *CETA Workers, supra*, makes it clear that he has no standing to maintain such a proceeding whether by civil action or otherwise. As the Court there pointed out, only specified persons, *viz.*, "sponsor, contractor, or grantee," and any "interested person or organization ... which has exhausted the prime sponsor's grievance system ... or failed to achieve resolution of the grievance under the recipient's grievance system," can trigger an investigation by the Secretary. That remedy is the exclusive remedy; there is no express private right of action under CETA and none can be implied. 617 F.2d at 929–32. Plaintiff is not a person in any of the enumerated categories. Indeed, his "interest" was distinctly adverse to the operation of the Nassau County CETA program, since he views it as a barrier to non-CETA employment by persons like himself, who are ineligible for LIRR's CETA program.

Second, to the extent that plaintiff asserts a deprivation of civil rights "secured by the Constitution and laws" under 42 U.S.C. § 1983, his claim cannot be sustained on the undisputed facts and law. Admittedly, LIRR is a public benefit corporation operating as a subsidiary of the Metropolitan Transportation Authority, an agency of the State of New York, so that its actions may be deemed State action for purposes of this suit. It is not disputed that plaintiff first applied by letter to LIRR for a position as engineer trainee in March 1976 and was informed no positions were available. He was interviewed in October 1976 and not offered employment. In June 1977 he was called for a second employment interview and offered consideration for a position as an usher. He refused consideration for any position except that of engineer-trainee.

■ Although an agency of State government, "even in the exercise of [its] internal operations, do[es] not constitutionally have the complete freedom of action enjoyed by a private employer," see *Cafeteria Workers v. McElroy*, 367 U.S. 886, 897–98, 81 S.Ct. 1743, 1749–50, 6 L.Ed.2d 1230

---

**3.** Letter of Regional Administrator to plaintiff dated December 6, 1979.

(1961), this court has found no authority for the proposition that employment in a particular position must be offered upon demand. On the contrary, even where public employment is available, constitutional rights are not implicated unless some "property" interest is at stake. "To have a property interest in a benefit, a person clearly must have more than an abstract desire or need for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). That entitlement is precisely what is lacking here and requires the rejection of plaintiff's claim under § 1983.

Accordingly, the motion of defendant LIRR for summary judgment is granted and the Clerk is directed to enter judgment in favor of defendant dismissing the action.

SO ORDERED.