SCALLOP CORPORATION,
Plaintiff-Appellant,

v.

James H. TULLY, Jr., Thomas H. Lynch,
and Francis Koenig, constituting the
New York State Tax Commission; Rob-
ert Abrams, Attorney General of the
State of New York; and James L. La-
Rocca, Commissioner of the New York
State Energy Office, Defendants-Appel-
lees.

No. 758, Docket 82–7719.

United States Court of Appeals,
Second Circuit.

Argued Jan. 17, 1983.

Decided April 12, 1983.

Paul M. Dodyk, New York City (Max R.
Shulman, L. Donald Prutzman, Jr., Cravath,
Swaine & Moore, New York City, of coun-
sel), for plaintiff-appellant.

Edward R. Costikyan, New York City
(Simon H. Rifkind, Michael C. Lasky, Wil-
liam P. Farley, Paul, Weiss, Rifkind, Whar-
ton & Garrison, New York City, Robert
Abrams, Atty. Gen. of the State of N.Y.,
Peter H. Schiff, Acting Atty. in Chief, Al-

bany, N.Y., of counsel), for defendants-appellees.

Before LUMBARD, MANSFIELD and MESKILL, Circuit Judges.

MESKILL, Circuit Judge:

■ Plaintiff-appellant Scallop Corporation (Scallop) commenced this suit seeking a declaration that N.Y. Tax Law § 182 (McKinney Supp.1981 & Supp. June 1982), which imposed a two percent tax on gross receipts of oil companies operating within New York, is preempted by the Emergency Petroleum Allocation Act (EPAA), 15 U.S.C. §§ 751–760h (1976), and thus void under the Supremacy Clause of the United States Constitution art. VI, cl. 2. After concluding that the Tax Injunction Act, 28 U.S.C. § 1341 (1976), deprived federal courts of subject matter jurisdiction to hear Scallop's complaint, the district court granted defendant New York State's Fed.R. Civ.P. 12(b)(1) motion and dismissed the suit. We need not comment on the merits of the district court's decision for we believe that the EPAA vests the Temporary Emergency Court of Appeals (TECA) with exclusive jurisdiction to hear this appeal. Accordingly, the appeal is dismissed for lack of jurisdiction.

## BACKGROUND

On June 18, 1980, the New York Legislature imposed a two percent tax on the gross receipts of oil companies engaged in commercial pursuits within New York.[1] N.Y. Tax Law § 182 (McKinney Supp.1981 & Supp. June 1982). Scallop is a Delaware corporation engaged in the business of selling residual and distillate fuel oil to public utilities, large industrial users and resellers in New York and along the east coast.[2] In April of 1981, the New York State Department of Taxation and Finance issued to Scallop a "Statement of Audit Adjustment and Notice of Deficiency" in the amount of $7,480,988, plus interest and penalties,[3] for the "willful" failure to pay the gross receipts tax for the 1980 tax year.

Scallop responded by petitioning the New York State Tax Commission for a redetermination of the alleged deficiency and by commencing an action in the United States District Court for the Northern District of New York, seeking a declaration that the gross receipts tax, N.Y. Tax Law § 182 (McKinney Supp.1981 & Supp. June 1982), was a state price control, conflicting with and preempted by the EPAA, 15 U.S.C. §§ 751–760h (1976), and therefore void under the Supremacy Clause of the United States Constitution art. VI, cl. 2. On September 21, 1981, Scallop moved pursuant to Fed.R.Civ.P. 56 for summary judgment on the ground that no material issues of fact existed and that as a matter of law the Act should be declared unconstitutional. On the same day, the state moved pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction. The state contended that as Scallop had raised its preemption claim "by way of defense" to the New York State Tax Commission's efforts to collect the overdue gross receipts tax, Scallop had a "plain, speedy and efficient remedy" in the state courts.

1. The New York Legislature intended to fund the state's mass transit system by taxing the "high profits" earned by the oil companies. 1980 N.Y. Laws, ch. 272, § 1. Desiring that the tax be borne by the oil companies rather than by consumers, the Legislature expressly prohibited the companies from including the cost of the tax in the prices of their products sold in New York. N.Y. Tax Law § 182 (McKinney Supp.1981 & Supp.1982). Moreover, the Legislature provided that the tax would cease to exist ten days after the effectiveness of any order or judgment against the enforcement of this "anti-passthrough" provision. 1980 N.Y. Laws, ch. 272, § 5.

2. On November 11, 1981, the state retroactively amended the definition of "oil company." 1981 N.Y. Laws, ch. 1043, § 68 (codified as N.Y. Tax Law § 182.2(a) (McKinney Supp. June 1982)). Scallop conceded that it is subject to the tax under both the original and amended definitions. Brief for Appellant at 4 n. 6.

3. The New York State Tax Commission assessed Scallop penalties in the amount of $559,-188 for their "willful" failure to pay the gross receipts tax for 1980. See N.Y. Tax Law § 1085(a)(2), (b), (c) (McKinney 1975) (penalty provisions).

Therefore, the Tax Injunction Act, 28 U.S.C. § 1341 (1976), deprived the federal courts of the subject matter jurisdiction to hear the suit.[4] Scallop answered by asserting that section 5(a)(1) of the EPAA, 15 U.S.C. § 754(a)(1) (1976),[5] *incorporating* section 211(a) of the Economic Stabilization Act of 1970 (ESA), 12 U.S.C. § 1904 (note) (1976),[6] vests the federal courts with the exclusive original jurisdiction to hear the EPAA preemption claim. Therefore, according to Scallop, as the state courts lack jurisdiction to provide a remedy, federal jurisdiction cannot be removed by the Tax Injunction Act, 28 U.S.C. § 1341 (1976).

Nevertheless, the district court granted the state's motion to dismiss, holding that the Tax Injunction Act barred Scallop's suit and denied Scallop's motion for summary judgment as moot. *Scallop Corp. v. Tully,* 546 F.Supp. 745, 752–53 (N.D.N.Y.1982). Scallop filed timely notices of appeal to both this Court and TECA. On November 12, 1982, TECA granted the state's application to stay that appeal "pending disposition of the appeal concurrently filed in this action before the U.S. Court of Appeals for the 2nd Circuit." *Scallop Corp. v. Tully,* No. 2–39 (Temp.Emer.Ct.App. Nov. 12, 1982) (unpublished order).

The threshold issue, which we believe to be dispositive, is whether TECA has the exclusive appellate jurisdiction to consider this appeal. In *Coastal States Marketing, Inc. v. New England Petroleum Corp.,* 604 F.2d 179 (2d Cir.1979), we wrestled with the question of "the appropriate allocation of appellate jurisdiction between a court of appeals and the TECA." *Id.* at 181. Writing for a unanimous panel, Judge Newman looked first to section 5(a)(1) of the EPAA, 15 U.S.C. § 754(a)(1) (1976), *incorporating* section 211(b)(2) of the ESA, 12 U.S.C. § 1904 (note) (1976), which provides TECA with the "exclusive jurisdiction of all appeals from the district courts of the United States in cases and controversies arising under this title [EPAA]." We construed this language as limiting TECA's exclusive jurisdiction to those cases involving "adjudications by a district court of an 'ESA [or EPAA] issue.'" 604 F.2d at 187. *Accord Francis Oil and Gas, Inc. v. Exxon Corp.,* 687 F.2d 484, 487 (Temp.Emer.Ct.App.), *cert. denied,* —— U.S. ——, 103 S.Ct. 365, 74 L.Ed.2d 400 (1982); *United States v. Wyatt,* 680 F.2d 1080, 1083–85 & n. 6 (5th Cir. 1982). We subsequently defined an EPAA issue as one involving the "'construction, applicability and effect' of the EPAA." *Mobil Oil Corp. v. Tully,* 639 F.2d 912, 915 (2d Cir.), *cert. denied,* 452 U.S. 967, 101 S.Ct. 3123, 69

---

**4.** The Tax Injunction Act, 28 U.S.C. § 1341 (1976), provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

**5.** The jurisdictional provisions of the ESA, namely § 211(a) (original jurisdiction) and § 211(b)(2) (appellate jurisdiction) were made part of the EPAA through section 5(a)(1), 15 U.S.C. § 754(a)(1) (1976). That section states in pertinent part:

> [S]ections 209 through 211 of the Economic Stabilization Act of 1970 ... shall apply to the regulation promulgated under section 753(a) of this title [EPAA], to any order under this chapter, and to any action taken by the President (or his delegate) under this chapter, as if such regulation had been promulgated, such order had been issued, or such action had been taken under the Economic Stabilization Act of 1970.

**6.** Section 211(a) of the Economic Stabilization Act of 1970 (ESA), 12 U.S.C. § 1904 (note) (1976), provides:

> (a) The district courts of the United States shall have exclusive original jurisdiction of cases or controversies arising under this title, or under regulations or orders issued thereunder, notwithstanding the amount in controversy; except that nothing in this subsection or in subsection (h) of this section affects the power of any court of competent jurisdiction to consider, hear, and determine any issue by way of defense (other than a defense based on the constitutionality of this title or the validity of action taken by any agency under this title) raised in any proceeding before such court. If in any such proceeding an issue by way of defense is raised based on the constitutionality of this title or the validity of agency action under this title, the case shall be subject to removal by either party to a district court of the United States in accordance with the applicable provisions of chapter 89 of title 28, United States Code.

L.Ed.2d 981 (1981), quoting *Mountain Fuel Supply Co. v. Johnson,* 586 F.2d 1375, 1382 (10th Cir.1978), *cert. denied,* 441 U.S. 952, 99 S.Ct. 2182, 60 L.Ed.2d 1058 (1979); *see also United States v. Wyatt,* 680 F.2d at 1083. Therefore, the controlling question here is whether Judge McCurn, in dismissing Scallop's complaint, adjudicated an EPAA issue.

We believe that even cursory reflection upon Judge McCurn's decision reveals that he expressly construed the jurisdictional provisions of the EPAA in dismissing Scallop's complaint. In its argument before the district court, Scallop asserted that its EPAA preemption claim satisfied the first clause of section 211(a) of the ESA, 12 U.S.C. § 1904 (note) (1976), which provides: "The district courts of the United States shall have exclusive original jurisdiction of cases or controversies arising under this title [ESA and EPAA] ...." 15 U.S.C. § 754(a)(1) (1976). Scallop contended that this language bars any New York state court from exercising jurisdiction over the preemption claim and therefore precludes the applicability of the Tax Injunction Act, 28 U.S.C. § 1341 (1976).

In rejecting Scallop's argument, the district court found that the EPAA preemption claim fits within the second clause of section 211(a) which provides: "nothing in this subsection ... affects the power of any court of competent jurisdiction to consider, hear, and determine any issue *by way of defense* ...." 12 U.S.C. § 1904 (note) (1976) (emphasis added); *Scallop Corp. v. Tully,* 546 F.Supp. 745, 750–51 (N.D.N.Y. 1982). The court concluded that Scallop raised its preemption claim "by way of defense" to the New York State Tax Commission's efforts to collect the overdue gross receipts tax. As Scallop had a "plain, speedy and efficient" remedy in the New York state courts, the Tax Injunction Act deprived the federal courts of the subject matter jurisdiction to consider the claim. The court explained:

> [I]t is noteworthy that in enacting § 211(a), Congress accepted the fact that not all ESA (or EPAA) issues would be heard by federal courts in the first in-

stance and "elected to leave such cases in the state court with federal appellate review limited to the Supreme Court." ... This Congressional decision is codified in subsection 211(a).... Given this Congressional approval of a continued role for the state courts where the EPAA issue appears "by way of defense," *this Court is reluctant to adopt a construction of § 211* that would conflict with the independent Congressional judgment in the Tax Injunction Act "to transfer jurisdiction over a class of substantive federal claims from the federal district courts to the state courts ...." *Rosewell v. LaSalle National Bank,* 450 U.S. 503, 515 n. 19, 101 S.Ct. 1221, 1230 n. 19, 67 L.Ed.2d 464 (1981).

*Id.* at 750 (citations omitted) (emphasis added).

Moreover, in dismissing Scallop's complaint, Judge McCurn expressly stated, "Scallop's defensive declaratory judgment action is not within the exclusive original jurisdiction of the federal district courts under § 211(a)." *Id.* at 751. In so stating, the district court clearly considered and adjudicated an EPAA issue—the scope of the EPAA's original jurisdictional provisions. According to the straightforward test laid down in *Coastal States,* this EPAA issue adjudication necessarily leads to the conclusion that TECA has exclusive appellate jurisdiction over this appeal. Our analysis is seemingly at an end.

■ Yet this opinion cannot conclude without a brief discussion of two of the state's objections to TECA's jurisdiction. The state contends in effect that the question of construction of the EPAA's original jurisdiction provisions presents a procedural issue akin to the issues regularly decided by the federal appellate courts. Consequently, the state argues that this Court should decide this case as it involves a procedurally-oriented EPAA dispute. It is true that the issues we have deferred to TECA in the past usually involved "substantive" EPAA issues—issues calling for the application of TECA's expertise in federal energy policy. *See Mobil Oil Corp. v. Tully,* 639 F.2d 912,

915 (2d Cir.), *cert. denied,* 452 U.S. 967, 101 S.Ct. 3123, 69 L.Ed.2d 981 (1981); *Whelan v. Brinegar,* 538 F.2d 924, 926 (2d Cir.1976) (per curiam); *M. Spiegel & Sons Oil Corp. v. B.P. Oil Corp.,* 531 F.2d 669, 670 (2d Cir.1976) (per curiam). Yet we have found no statutory, precedential or logical support for a rule that provides TECA with exclusive power to hear "substantive" EPAA claims, but not "procedural" ones.

Of those courts that have considered the scope of TECA's appellate jurisdiction, not one has drawn any distinction between substantive energy law issues and jurisdictional EPAA claims. *See Texaco Inc. v. Department of Energy,* 616 F.2d 1193, 1196–98 (Temp.Emer.Ct.App.1979); *United States v. Wyatt,* 680 F.2d 1080, 1083–85 (5th Cir.1982); *United States v. Uni Oil, Inc.,* 646 F.2d 946, 949–50 (5th Cir.1981), *cert. denied sub nom. Crude Co. v. United States,* 455 U.S. 908, 102 S.Ct. 1254, 71 L.Ed.2d 446 (1982). For example, in *Coastal States,* this Court took great care to examine and articulate the "contours" of TECA's appellate jurisdiction. There, we recognized that "[t]he Congressional purpose in creating the TECA would not be served by routing to that Court appeals from judgments in all cases where an ESA issue was merely raised." 604 F.2d at 186–87. We concluded that "[w]hat is determinative . . . is not the existence of an ESA issue, but whether the ESA issue has been adjudicated." 604 F.2d at 187 (footnote omitted). In defining the "contours" of TECA's appellate jurisdiction, we made no mention of a substantive versus jurisdictional characterization of an EPAA claim. Similarly, the legislative history of the ESA's judicial review provision, section 211(b)(2),[7] makes no such distinction. In

providing TECA with exclusive appellate review, Congress sought to " 'funnel into one court *all* the appeals arising out of the District Courts and thus gain in consistency of decision.' " *Bray v. United States,* 423 U.S. 73, 74, 96 S.Ct. 307, 309, 46 L.Ed.2d 215 (1975) (per curiam) (emphasis added), quoting S.Rep. No. 92–507, 92 Cong., 1st Sess. 10, *reprinted in* 1971 U.S.Code Cong. & Ad. News 2283, 2292. If we conclude that the courts of appeals have the power to construe the scope of the EPAA's jurisdictional provisions, we will threaten the congressional goal of uniformity in substantive energy decisions.[8] Clearly this result would be at odds with congressional intent to limit the varying interpretations of the EPAA by limiting the original and appellate jurisdiction of the courts. *See Coastal States,* 604 F.2d at 184–85. We therefore find no merit in the state's argument.

The state's second objection voices a concern that this Court's disavowal of jurisdiction will result in a "bewildering fragmentation of appellate jurisdiction." Brief for Appellee at 17. It is true that our decision to dismiss this appeal will shift the burden to TECA to review the merits of the district court's construction of section 211(a) of the ESA and to discern whether appellant's complaint could invoke the exclusive jurisdiction of the federal courts. If TECA reverses the district court's construction of section 211(a) and concludes that federal courts have exclusive original jurisdiction to consider Scallop's complaint, it presumably will remand the case to the district court for a trial on the merits. On the other hand, if TECA affirms the district court's construction of section 211(a), based on its

---

**7.** Section 211(b)(2) provides in pertinent part:
> (2) Except as otherwise provided in this section, the Temporary Emergency Court of Appeals shall have exclusive jurisdiction of all appeals from the district courts of the United States in cases and controversies arising under this title or under regulations or orders issued thereunder. Such appeals shall be taken by the filing of a notice of appeal with the Temporary Emergency Court of Appeals within thirty days of the entry of judgment by the district court.

12 U.S.C. § 1904 (note) (1976).

**8.** It is not difficult to conceive of jurisdictional decisions that could have an adverse impact on substantive energy law by funneling energy issues to a tribunal lacking the expert knowledge to decide them. In *Mobil Oil Corp. v. Tully,* 639 F.2d 912 (2d Cir.), *cert. denied,* 452 U.S. 967, 101 S.Ct. 3123, 69 L.Ed.2d 981 (1981), this Court recognized that "[i]t is desirable to defer to a specialized federal appellate court, TECA, with its special expertise on EPAA issues . . . ." *Id.* at 916.

past record it will not proceed to review the second part of the district court's analysis—application of the Tax Injunction Act. *See Texaco Inc.,* 616 F.2d at 1196 ("But TECA has repeatedly refused to exercise jurisdiction over issues or claims not arising under the EPAA even though they may be joined in the same case with other issues or claims that do arise under the EPAA."); *Spinetti v. Atlantic Richfield Co.,* 522 F.2d 1401, 1403 (Temp.Emer.Ct.App.1975); *Associated General Contractors v. Laborers International Union, Local 612,* 489 F.2d 749, 750–51 (Temp.Emer.Ct.App.1973). To avoid deciding a substantive non-EPAA issue, TECA presumably would refuse to assert jurisdiction over the district court's Tax Injunction Act analysis, advising the parties to appeal that question to the proper forum—this Court. *See, e.g., Mobil Oil Corp. v. Tully,* 639 F.2d 912, 916 (2d Cir.) ("Here the federal statutory prohibition is plainly not within the EPAA and the refusal of TECA to exercise such jurisdiction is reasonably to be anticipated."), *cert. denied,* 452 U.S. 967, 101 S.Ct. 3123, 69 L.Ed.2d 981 (1981); *Texaco Inc.,* 616 F.2d at 1197 ("jurisdiction is not an either-or proposition with regard to the case as a whole. Rather the Court takes jurisdiction over those issues which it has authority to decide, refusing to hear any others, although they are all part of the same case or controversy.").

**9.** In *Mobil Oil Corp. v. Tully,* 639 F.2d 912 (2d Cir.), *cert. denied,* 452 U.S. 967, 101 S.Ct. 3123, 69 L.Ed.2d 981 (1981), a decision closely analogous to this case, this Court expressed no reservations about bifurcating appellate consideration of EPAA and non-EPAA issues. In *Mobil,* several oil companies sought a declaratory judgment that the anti-passthrough provision of the New York gross receipts tax, N.Y. Tax Law § 182 (McKinney Supp.1981 & Supp. June 1982), was a state price control, conflicting with and preempted by the EPAA. The United States District Court for the Northern District of New York, McCurn, J., granted their motion for summary judgment "declaring the anti-pass through provision of the New York gross receipts tax unconstitutional as in violation of the Supremacy Clause and enjoining its enforcement." 499 F.Supp. 888, 910 (N.D.N.Y.1980). In addition, the court denied the state's motion to dismiss which argued that the Tax Injunction Act barred the action.

We realize that some delay will inevitably accompany either of these scenarios. However, both this Court and TECA have expressly approved of bifurcating appellate consideration of cases involving both EPAA and non-EPAA issues.[9] "While this course will encounter some delays and uncertainties ... we believe those problems are manageable. In any event, such problems are not sufficient to justify depriving the TECA of the opportunity to maximize its resolution of ESA [EPAA] issues ...." *Coastal States,* 604 F.2d at 186 (footnote omitted). *Accord Texaco Inc.,* 616 F.2d at 1197–98; *Spiegel & Sons,* 531 F.2d at 670.

## CONCLUSION

Applying the *Coastal States* standard to this case, we conclude that the district court adjudicated an EPAA issue in dismissing Scallop's complaint. Therefore, despite the procedural nature of the EPAA issue adjudicated and despite the potential for delay occasioned by our decision, we believe that jurisdiction of this appeal rests with TECA. Accordingly, the appeal is dismissed for lack of jurisdiction.

MANSFIELD, Circuit Judge (concurring):

I concur without reservation in Judge Meskill's opinion. However, I believe we should avoid the waste, delay and procedur-

This Court dismissed the state's appeal on the ground that TECA had exclusive appellate jurisdiction to consider the preemption issue as a case or controversy arising under the EPAA. *Id.* at 915. However, the Court retained jurisdiction to consider the district court's Tax Injunction Act analysis. *Id.* at 918. The Court affirmed the district court's analysis, reasoning that the anti-passthrough provision was an exercise of the state's police power rather than its taxing power and therefore the Tax Injunction Act's bar of federal court injunctions against state taxes was not implicated.

Unlike *Mobil,* in this case the Tax Injunction Act issue is not severable from a consideration of the EPAA. Rather, TECA's disposition of the EPAA claim might eliminate the need to consider the Tax Injunction Act issue. Therefore, it is only after TECA has reviewed and commented on the district court's construction of the EPAA that this Court should consider the remaining non-EPAA issues.

al ball-bouncing between appellate courts that may occur if TECA, which is not bound by our views, declines in whole or in part to assume jurisdiction over the appeal stayed by it. If it declined jurisdiction altogether the case could be caught on a jurisdictional "dead center," dangling in limbo. If, as seems more probable, it concurs in our view as to its power to decide the EPAA issue raised by appellants, it may nevertheless decide that the Tax Injunction Act issue should be resolved by us. See *Mobil Oil Corp. v. Tully,* 639 F.2d 912, 916–18 (2d Cir.), *cert. denied,* 452 U.S. 967, 101 S.Ct. 3123, 69 L.Ed.2d 981 (1981); *Texaco Inc. v. Department of Energy,* 616 F.2d 1193, 1196 (Em.App.1979). In either event there would be needless waste and delay to all concerned, involving a motion to us for reconsideration so that the appeal could be decided on the merits and remanded with directions. By that time the panel reconsidering the matter (which might not be the same as this panel) would be forced to expend more time and effort in reeducating itself as to facts and issues with which we are already familiar.

Rather than risk such further delay and expense, I believe it advisable for us to indicate at this time our views as to the merits of the appeal, so that if TECA declines to dispose of the issues, a motion for reconsideration by us can be disposed of promptly and the case remanded to the district court with appropriate directions. In my view Scallop's declaratory judgment action, although labelled "defensive" by the district court, does not arise "by way of defense" within the meaning of § 211(a). The federal Tax Injunction Act therefore does not bar the exercise of federal jurisdiction under § 211(a).

To me the term "defense" means a formal denial of liability by a party against whom an action has been commenced, not a declaratory or injunctive action seeking affirmative and coercive relief. Cf. *Stone & Webster Engineering Corporation v. Ilsley,* 690 F.2d 323, 327–28 (2d Cir.1982) (declaratory plaintiff who asserts a federal right on the face of the complaint properly invokes federal question jurisdiction in satisfaction of *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908)). If a declaratory or injunctive action were a "defense," not only would the requirement of a well-pleaded federal complaint be threatened contrary to our holding in *Stone & Webster, supra,* but the exclusive jurisdiction provision of § 211(a) would become a dead letter, since a party questioning liability by virtue of the EPAA could always sue in the state court for declaratory or injunctive relief. Such a concept of "defense" would violate § 211(a)'s policy in favor of funneling all issues of significance concerning federal energy policy into federal courts, which Congress deemed more familiar with and sympathetic to the purposes of the EPAA and to the need for uniform interpretation and application of federal laws. The district court is therefore obligated to decide whether the gross receipts tax, N.Y. Tax Law § 182, amounted to a state price control conflicting with and preempted by the EPAA and thus void under the Supremacy Clause.[1]

Another issue worthy of mention is my disagreement with the state's contention that the expiration of EPAA on September 30, 1981, terminated TECA's jurisdiction to decide Scallop's claim of federal preemption of jurisdiction over the subject matter of its claim. Whatever the ultimate effect of the expiration of the EPAA on the merits of Scallop's claim that a pre-October 1, 1981 passthrough was preempted by the federal law, which we leave to TECA, it is clear that such expiration cannot act to strip TECA of appellate jurisdiction under § 211(b)(1) of the ESA, particularly when Congress provided in 15 U.S.C. § 760g that "such expiration shall not affect any action or pending proceedings . . . not finally determined on such date, . . . based upon any act committed or liability incurred prior to

---

1. The issues do not appear to be affected by New York's recent repeal of the anti-passthrough provisions of N.Y. Tax Law § 182.11.

See 1983 N.Y. Laws, Ch. 18, § 16 (S. 3457–c; A. 4257–A) (enacted February 28, 1983).

such expiration date." See *Tully v. Mobil Oil Corp.*, 455 U.S. 245, 247–48, 102 S.Ct. 1047, 1049–1050, 71 L.Ed.2d 120 (1982) (remanding to TECA for reconsideration of effect of expiration of federal price control authority on the pre-October 1, 1981 anti-passthrough provision).