MOBIL OIL CORP., Amoco Oil Company, Getty Refining and Marketing Company, Gulf Oil Corporation, and Sun Oil Company of Pennsylvania, Atlantic Richfield Company, Chevron U.S.A. Inc., Exxon Corporation and Shell Oil Company, Plaintiffs-Appellees,

v.

Orest T. DUBNO, Commissioner of Revenue Services of the State of Connecticut, Anthony V. Milano, Secretary of the Office of Policy and Management of the State of Connecticut, Defendants-Appellants.

TEXACO INC., a Delaware Corporation, Plaintiff-Appellee,

v.

Carl R. AJELLO, Attorney General of the State of Connecticut, Orest T. Dubno, Commissioner of Revenue Services of the State of Connecticut, Anthony V. Milano, Secretary of the Office of Policy and Management of the State of Connecticut, Defendants-Appellants.

AMERADA HESS CORPORATION, Plaintiff-Appellee,

v.

Ella T. GRASSO, Governor of the State of Connecticut, Orest T. Dubno, Commissioner of Revenue Services of the State of Connecticut, Anthony V. Milano, Secretary of the Office of Policy and Management of the State of Connecticut, Defendants-Appellants.

No. 539, Docket 80–7677.

United States Court of Appeals, Second Circuit.

Argued Oct. 30, 1980.

Decided Jan. 28, 1981.

**920**

William E. Glynn, Hartford, Conn. (Day, Berry & Howard, Hartford, Conn., Richard M. Reynolds, Allan B. Taylor, J. Bruce Boisture, Hartford, Conn., of counsel) for plaintiffs-appellees.

Francis J. McNamara, Jr., Stamford, Conn. (Cummings & Lockwood, Stamford, Conn., Eric Watt Wiechmann, Joseph D. Magri, Stamford, Conn., of counsel) for plaintiff-appellee Texaco, Inc.

Caplin & Drysdale, Washington, D. C. (Robert H. Elliott, Myron C. Baum, Albert G. Lauber, Jr., Washington, D. C., and Sachs, Sachs, Delaney & Sachs, Arthur S. Sachs, Milford, Conn., of counsel) for plaintiff-appellee Amerada Hess Corp.

Peter W. Gillies, Asst. Atty. Gen., Hartford, Conn. (Carl R. Ajello, Atty. Gen., Richard K. Greenberg, Paul M. Scimonelli, Ralph G. Murphy, Robert L. Klein, William B. Gundling, Asst. Attys. Gen., Hartford, Conn., of counsel) for defendants-appellants.

Before MULLIGAN and VAN GRAAF-EILAND, Circuit Judges, and WERKER, District Judge.*

MULLIGAN, Circuit Judge:

On April 11, 1980, Conn.Publ.Act No.80–71 (Conn.Act) was signed into law and it became effective July 1, 1980. Section 1 of the Act imposes a 2% tax on the gross earnings derived by integrated petroleum companies from the sales of petroleum products in the State of Connecticut. As in the companion New York case decided today, *Mobil Oil Corp. v. Tully,* 639 F.2d 912 (2d Cir. 1981), the Connecticut legislature intended that the burden of the tax would be borne by the oil companies and not the Connecticut purchasers of oil products. Conn.Act § 13(a). Thus, in Section 13(b) of the Act (the anti-passthrough provision), the legislature provided that:

> [n]o petroleum company subject to the tax imposed under section 1 of this act shall raise its posted wholesale rack price in Connecticut for any petroleum product exempt from the federal Emergency Petroleum Allocation Act (P.L. 93–159) by an amount higher than the average amount by which such company raises its wholesale rack price for such product in all ports on the eastern coast of the United States.

The Connecticut anti-passthrough provision differs from the New York provision in several respects. The Connecticut provision applies only to the prices of those petroleum products "exempt" from the EPAA whereas the New York provision was not so limited. In addition, oil companies can raise the price of "exempt" petroleum products in Connecticut as long as the companies similarly raise the prices in the other east coast states in which they sell their products. The New York provision, on the other hand, constituted an absolute ban on price rises based upon the gross receipts tax in New York. Finally, the Connecticut legislature did not rest the validity of the entire tax act upon the viability of Section 13(b). Rather, in Section 15 of the Act, the legislature specifically provided that:

> [i]f any section, part, clause or phrase in sections 1 through 16, inclusive, of this act, is for any reason held to be invalid or unconstitutional, sections, parts, clauses and phrases in said sections not held to be invalid or unconstitutional shall not be

---

\* United States District Judge for the Southern District of New York, sitting by designation.

affected and shall remain in full force and effect.

None of these differences, however, is significant to the resolution of this case.

The plaintiffs, eleven oil companies subject to the tax and anti-passthrough provision, brought this action seeking declaratory and injunctive relief in the District Court for the District of Connecticut. The oil companies argued that the anti-passthrough provision violated both the Due Process and Interstate Commerce clauses of the United States Constitution. In addition, the companies argued that the provision was in conflict with the EPAA and the Federal Mandatory Petroleum Price Regulations and was, therefore, preempted by the Supremacy Clause of the United States Constitution. The defendants-appellants, the Governor of Connecticut, Connecticut Attorney General, Connecticut Commissioner of Revenue Services and Connecticut Secretary of the Office of Policy and Management, moved to dismiss the action for want of federal jurisdiction pursuant to the Tax Injunction Act, 28 U.S.C. § 1341 as well as the doctrine of abstention, and the plaintiffs-appellees moved for summary judgment.

Judge M. Joseph Blumenfeld, in a July 9, 1980 memorandum of decision impliedly denied the defendants' motion to dismiss and granted the plaintiffs-appellees' motion for summary judgment. As in the New York case, Judge Blumenfeld limited his decision to declaring that the anti-passthrough provision was a price control measure and was therefore preempted by the EPAA and the regulations issued thereunder. The opinion is reported at 492 F.Supp. 1004 (D.Conn. 1980).

The appellant state officers appeal from the adverse rulings of Judge Blumenfeld on their motion to dismiss and on the plaintiffs-appellees' motion for summary judgment. The oil companies have moved before this court to dismiss this appeal in its entirety arguing that exclusive jurisdiction over this appeal is vested in the Temporary Emergency Court of Appeals (TECA) by virtue of 15 U.S.C. § 754(a)(1).

I.

■ This court in *Mobil Oil Corp. v. Tully, supra,* has today decided the very same questions presented in this companion case. Thus, no further discussion of this court's jurisdiction is required. Judge Blumenfeld held that Section 13(a) of the Connecticut Act was in effect a price control measure which conflicted with the EPAA and its regulations and was, therefore, preempted by the Supremacy Clause of the United States Constitution (U.S.Const. art. VI, cl. 2). Because this decision necessarily involved a thorough analysis of the EPAA and the Mandatory Price Regulations, see *Mobil Oil Corp. v. Tully, supra,* at 915, the district judge adjudicated an ESA (EPAA) issue and, therefore, exclusive jurisdiction over this part of the case lies with TECA pursuant to 15 U.S.C. § 754(a)(1). *Id.*

■ As in *Mobil Oil Corp. v. Tully, supra,* however, we hold that this court, and not TECA, has jurisdiction to review the district court's ruling on the defendants-appellants' motion to dismiss pursuant to the Tax Injunction Act, 28 U.S.C. § 1341. Because this question involves a statute plainly not within the EPAA and it is severable and independently appealable, we must deny the appellees' motion to dismiss with respect to the Tax Injunction Act. See *Texaco, Inc. v. Department of Energy,* 616 F.2d 1193 (TECA 1979). Review of the lower court's decision not to abstain, however, is properly within the jurisdiction of TECA. TECA has consistently exercised jurisdiction over ancillary threshold issues such as mootness, ripeness, and venue. *See e. g., Quincy Oil, Inc. v. Federal Energy Administration,* 620 F.2d 890, 893 (TECA 1980). Although the Tax Injunction Act issue is separate and independent from the EPAA issues, abstention is properly classified as a threshold issue which has no life apart from the substantive claim. *Id.* A decision to abstain in this case would necessarily involve a finding that some possible interpretation of Section 13(b) would render the provision consistent with the federal regulatory framework. Such a finding,

however, would necessarily entail some analysis of the federal and state statutes and regulations. Thus, we will defer to TECA's particular expertise in this area.

We therefore hold that the appellees' motion to dismiss is granted with respect to the preemption and abstention issues but denied with respect to the applicability of the Tax Injunction Act.

## II.

■ Having found that this court has jurisdiction over the applicability of the Tax Injunction Act, 28 U.S.C. § 1341, we now hold, as we have held today in *Mobil Oil Corp. v. Tully, supra*, that Section 1341 does not bar this action. Section 13(b), the anti-passthrough provision, is not an exercise of the state's taxing power. Rather, in prohibiting the oil companies from raising their posted wholesale rack price in Connecticut by an amount higher than the average price rise by the oil companies in all other ports on the eastern coast of the United States, Connecticut has created a price control system even more complex than the New York provision in *Mobil Oil Corp. v. Tully, supra.* Moreover, as in New York, it was the express purpose of the legislature in enacting Section 13(b) that the tax "[not] be construed as a tax upon the purchasers of petroleum products" and, thus, "such tax shall constitute a part of the operating overhead of such companies." Conn.Act. § 13(a). Finally, it cannot seriously be argued that the judgment of the court below has enjoined, suspended or restrained the assessment, levy or collection of the gross receipts tax. By virtue of Section 15 of the Connecticut Act, the legislature specifically provided that if Section 13(b) or any other section, part or phrase were held to be invalid or unconstitutional the remaining sections of the act would remain in full force and effect. Thus, the Connecticut tax is continuing to accrue and be collected. We therefore hold that the district court was not barred from declaring Section 13(b) to be preempted by the EPAA because these actions did not seek to restrain the assessment, levy or collection of a tax. We

do not reach, therefore, the second question under Section 1341—whether there existed a plain speedy and efficient state remedy in the state courts.

Appeal dismissed with respect to the preemption and abstention issues, affirmed with respect to the inapplicability of the Tax Injunction Act. Any further relief should be sought from TECA.