**GRAND BLANC EDUCATION ASSOCIATION et al., Plaintiffs-Appellees,**

v.

**GRAND BLANC BOARD OF EDUCATION et al., Defendants-Appellants.**

No. 78–1232.

United States Court of Appeals,
Sixth Circuit.

Argued April 10, 1980.
Decided June 25, 1980.

James R. Buckley, Parker, Buckley & Smith, Flint, Mich., for defendants-appellants.

Wallace K. Sagendorph, Levin, Levin, Garvett & Dill, Southfield, Mich., for plaintiffs-appellees.

Before WEICK, CELEBREZZE and BROWN, Circuit Judges.

CELEBREZZE, Circuit Judge.

This case is before the court on appeal from a judgment of the district court holding that certain claimed retroactive wage payments allegedly due plaintiffs-appellees, teacher-employees represented by Grand Blanc Education Association, under terms of a collective bargaining agreement were not barred by the Economic Stabilization Act of 1970 (ESA), 12 U.S.C.A. § 1904 note, and that the contractual dispute over the propriety of the wage payments was subject to arbitration under the terms of the collective bargaining agreement. The substance of the contractual dispute concerns plaintiffs-appellees entitlement to retroactive payment of incremental pay increases for the period in which such increases were prohibited by President Nixon's wage-price freeze. The district court ultimately determined that administrative rulings concluding the ESA barred the wage increases were void and that an arbitrator's award of $31,104.50 in back pay should be enforced. For the reasons stated below, we dismiss this appeal for want of jurisdiction.

At oral argument, the court noticed, *sua sponte*, that a question existed concerning our jurisdiction to entertain this appeal. *Fed.R.Civ.P.* 12(h)(3). The court intimated that under the ESA the Temporary Emergency Court of Appeals, [hereinafter TECA] has exclusive jurisdiction over this lawsuit. Inquiries were directed to counsel and both counsel seemed unprepared to discuss this issue. The court directed counsel to submit supplemental briefs on the jurisdictional controversy within 10 days. Upon a review of the record on appeal and the parties' supplemental briefs, we conclude we lack jurisdiction over this appeal.

The provisions of the ESA are printed in a note to 12 U.S.C.A. § 1904 (1979 Cum. Ann.Pocket Part.). Section 210(a) of the Act provides:

Any person suffering legal wrong because of any act or practice arising out of this title, or any order or regulation issued pursuant thereto, may bring an action in a district court of the United States, without regard to the amount in controversy, for appropriate relief, including an action for a declaratory judgment, writ of injunction (subject to the limitations in section 211), and/or damages.

Section 211(a) of the ESA provides that United States District Courts shall have exclusive original jurisdiction over suits brought pursuant to § 210(a). Appellate review of final judgments is provided for in § 211(b)(2):

Except as otherwise provided in this section, the Temporary Emergency Court of Appeals [created in § 211(b)(1)] shall have exclusive jurisdiction of all appeals from the district courts of the United States *in cases and controversies arising under this title* or under regulations or orders issued thereunder. Such appeals shall be taken by the filing of a notice of appeal with the Temporary Emergency Court of Appeals within thirty days of the entry of judgment by the district court. (Emphasis added).

In enacting the above provision establishing exclusive TECA jurisdiction Congress intended to fulfill the twofold objective of

centralizing and expediting appeals raising questions of the construction or the constitutionality of the ESA.[1]

From a reading of § 211(b)(2) it seems quite clear that TECA has exclusive appellate jurisdiction over cases "arising under" ESA. In *St. Mary's Hospital of East St. Louis, Inc. v. Ogilvie*, 496 F.2d 1324 (7th Cir. 1974), the seventh circuit construed the phrase "arising under." In likening that phrase to the same language which appears in the context of federal question jurisdiction, 28 U.S.C. § 1331, the seventh circuit held that the allegations of the complaint are determinative of jurisdiction. If the allegations of the complaint call for the application of the ESA, then the lawsuit "arises under" the statute.[2] *Id.* at 1326.

From a reading of the complaint and the amended complaint in the present case it becomes readily apparent that the allegations sought declaratory relief under the ESA. In addition, the complaint requested the district court to exercise its pendent jurisdiction over the contractual dispute. The district court exercised jurisdiction under §§ 210(a) and 211(a) declaring the adverse administrative ruling void and proceeded to entertain the contractual issues under pendent jurisdiction. In our view, this case "arises under" the ESA.

In the district court, and on appeal, appellants have argued that jurisdiction did not exist under §§ 210(a) and 211(a) in the district court. Appellants contend the case should have been dismissed. Assuming arguendo the validity of that contention,[3] we are confronted with an exercise of jurisdiction pursuant to the ESA and under the Act's statutory scheme TECA must pass on the propriety of that action, not this court.

Appellants' arguments to the contrary miss the mark. Appellants submit that since the district court inappropriately exercised jurisdiction under the ESA in the first instance, this appeal properly lies in this court. We disagree. Under the statutory scheme established by Congress, TECA must make that determination.

Our holding today is consistent not only with the language of § 211(b)(2), but also the dual congressional purposes of centralization and expedition of appeals arising under the ESA. Since we lack subject matter jurisdiction over this appeal, dismissal is our only alternative.[4]

Accordingly, this appeal is dismissed for lack of subject matter jurisdiction.

---

1. *See Citronelle-Mobile Gathering, Inc. v. Gulf Oil*, 578 F.2d 1149, 1153 n. 5 (5th Cir. 1978), *cert. denied*, 444 U.S. 879, 100 S.Ct. 167, 62 L.Ed.2d 108 (1979); 1971 U.S.Code Cong. & Admin.News, 92d. Cong., 1st Sess. pp. 2283, 2292.

2. In *St. Mary's Hospital of East St. Louis, Inc.*, 496 F.2d 1324 (7th Cir. 1974) the complaint did not raise ESA allegations. ESA allegations were raised for the first time in defendants' answer and the court held that the case did not "arise under" the ESA; therefore, the seventh circuit had jurisdiction of the appeal.

3. We render no opinion on the issue of whether the district court properly exercised jurisdiction under the ESA.

4. At oral argument discussion took place concerning the possibility of transferring this case to TECA. We are of the view that since we lack subject matter jurisdiction, we have no power to transfer the case. We find support for this position in the case law construing 28 U.S.C. § 1406, a provision permitting the transfer of a case to another division or district to cure a defect in venue. Those cases hold that where a court lacks subject matter jurisdiction, it lacks the power to transfer the action. *See, e. g., Atlantic Ship Rigging Co. v. McLellan*, 288 F.2d 589 (3d Cir. 1961); *Dayton Casting v. Full Mold Process, Inc.*, 404 F.Supp. 670 (S.D.Ohio 1975); *U. S. ex rel. Jimenez v. Conboy*, 310 F.Supp. 801 (S.D.N.Y.1970).