GULF OIL CORPORATION, Atlantic Richfield Company, and Chevron U.S.A., Inc., Plaintiffs-Appellees,

v.

UNITED STATES DEPARTMENT OF ENERGY et al., Defendants-Appellants.

UNITED STATES DEPARTMENT OF ENERGY et al., Defendants-Petitioners,

v.

Honorable Gerhard A. GESELL, Judge of the United States District Court for the District of Columbia, Respondent.

No. DC-81.

Temporary Emergency Court of Appeals.

Argued Nov. 24, 1980.

Decided Jan. 5, 1981.

Michael T. Scott, Dept. of Justice, Washington, D.C., with whom Alice Daniel, Asst. Atty. Gen., Dennis G. Linder, C. Max Vassanelli, and Surell Brady, Dept. of Justice, Nancy C. Crisman and Frank W. Krogh, Dept. of Energy, Washington, D.C., were on briefs for defendants-appellants.

Donald B. Craven, of Miller & Chevalier, Washington, D.C., with whom Mark L. Evans, Craig D. Miller, and James P. Tuite, Richard H. Porter, David L. Roll, Steven H. Brose, Samuel T. Perkins, and Beverly Purdue, of Steptoe & Johnson, Roland W. Selman and Nina H. Questal, of Pillsbury, Madison & Sutro, Washington, D.C., Wallace L. Kaapcke, Gary H. Anderson, and John N. Dahlberg, of Pillsbury, Madison & Sutro, San Francisco, Cal., Robert F. Ochs, A. Paul Brandimarte, Jr., and Charles O. Murray, III, of Gulf Oil Corporation, Houston, Tex., Richard C. Morse, of Atlantic Richfield Company, Los Angeles, Cal., and Kenneth R. Dickerson, of Atlantic Richfield Company, Dallas, Tex., were on brief, for plaintiffs-appellees.

Before HOFFMAN, GIGNOUX and METZNER, Judges.

## ORDER

We do not reach the merits of this appeal from the interlocutory order of the district court directing the Secretary of Energy to appoint an independent administrative law judge for the sole purpose of supervising the necessary discovery proceedings in the then pending administrative hearing before the Office of Hearings and Appeals (OHA), which the plaintiffs-appellees claimed, in the district court, had been tainted by the destruction of documents and certain *ex parte* communications between the Office of Special Counsel (OSC), the prosecutorial entity in the administrative proceedings, and OHA; nor can we consider the correctness of the district court's ruling on the motion to dismiss filed by the defendants-appellants. While the unique factual situation is of interest, the appellate jurisdiction of this court embraces only issues arising

under the Economic Stabilization Act (ESA) or the Emergency Petroleum Allocation Act (EPAA), and we look only to the nature of the issue on appeal and not to the nature of the underlying case or controversy.

Being of the opinion that we were controlled by *Texaco, Inc. v. Department of Energy*, 616 F.2d 1193 (Em.App.1979), it is

ORDERED and ADJUDGED that this appeal be and it hereby is DISMISSED for want of jurisdiction.

Our ruling on the jurisdictional issue similarly disposes of the petition for issuance of a writ of mandamus. Aside from the jurisdictional question, we do not believe that this is a proper case for the extraordinary remedy of mandamus. The writ will not issue merely because the court may have committed reversible error. *Bankers' Life*

*& Casualty Co. v. Holland*, 346 U.S. 379, 382–83, 74 S.Ct. 145, 147–48, 98 L.Ed. 106 (1953). It is

ORDERED and ADJUDGED that the petition for issuance of a writ of mandamus be, and it hereby is, DENIED.

The stay heretofore entered in this proceeding is ORDERED VACATED. The court assumes that the district court will fix a new schedule for compliance with its prior order.