698 F.2d 1223
 Energy Mgt. P 26,396
Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Burl C. Smith
v.
James R. Schlesinger, et al.
 Dkt. No. 81-3537.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1982.
 
 Before Lively, Keith, and Merritt, Circuit Judges.
 
 
 1
 This case is before the Court on a motion by the defendants-appellees to dismiss the appeal for lack of jurisdiction. Rule 8(a), Rules of the Sixth Circuit. Plaintiff-appellant Smith has responded to the motion and has in turn filed a motion to transfer the case to the Temporary Emergency Court of Appeals (TECA). 28 U.S.C. Sec. 2112(a).
 
 
 2
 Smith is appealing from the District Court's granting of summary judgment in favor of the defendants in this Emergency Petroleum Allocation Act (EPAA) case. 15 U.S.C. Sec. 751 et seq. The defendants argue that exclusive jurisdiction over this appeal lies with the TECA pursuant to the Economic Stabilization Act (ESA), 12 U.S.C. Sec. 1904, note Sec. 211(b)(2), as incorporated into the EPAA by 15 U.S.C. Sec. 754(a)(1). This Court has recently held that a case arises under the ESA when the allegations in the complaint call for the application of the ESA. Grand Blanc Ed. Ass'n. v. Grand Blanc Bd. of Ed., 624 F.2d 47, 49 (6th Cir.1980). Analogously, a case arises under EPAA when the allegations in the complaint call for the application of the EPAA. Since the allegations in the complaint in the present case do call for the application of the EPAA, this case does arise under the EPAA, giving TECA exclusive jurisdiction. Further, the district court adjudicated EPAA issues, a fact which is determinative of appellate jurisdiction. See Coastal States Marketing v. New England Petroleum Corp., 604 F.2d 179, 187 (2d Cir.1979).
 
 
 3
 Smith argues that the case should not be dismissed but should be transferred to TECA. In Grand Blanc, this court held that when it lacks subject matter jurisdiction over an appeal, it has no power to transfer the case to another circuit. 624 F.2d at 49, fn. 4.
 
 
 4
 The motion to dismiss the appeal for lack of jurisdiction is granted pursuant to Rule 9(d)1, Rules of the Sixth Circuit.
 
 
 5
 ENTERED BY ORDER OF THE COURT.