**Ervin R. OLTMANN, d/b/a Crossroads Oil Company, Plaintiff-Appellant,**

v.

**MOBIL OIL COMPANY, a foreign corporation, Defendant-Appellee.**

No. 81–1189.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 16, 1982.

Decided March 1, 1982.

---

Rick Verticchio, Verticchio & Verticchio, Gillespie, Ill., for plaintiff-appellant.

Ralph H. Loewenstein, Drach, Terrell & Deffenbaugh, Springfield, Ill., for defendant-appellee.

Before PELL, Circuit Judge, FAIRCHILD, Senior Circuit Judge, and BAUER, Circuit Judge.

PER CURIAM.

Plaintiff sued Mobil in state court. Mobil removed to federal district court, asserting that the action arose under federal law. After trial, the district court entered judgment for the defendant. Plaintiff appeals to this court and defendant moves to dismiss the appeal.

■ Except as otherwise provided in § 211 of the Economic Stabilization Act of 1970 (the Act), 12 U.S.C. § 1904 Note, the Temporary Emergency Court of Appeals has exclusive jurisdiction of all appeals from district courts in cases and controversies arising under the Act. Section 211(b)(2). We look to the allegations of the complaint to determine whether this case arose under the Act. *St. Mary's Hospital of East St. Louis, Inc. v. Ogilvie*, 496 F.2d 1324 (7th Cir. 1974).

■ The amended complaint states that this "cause arises out of a breach of a wholesale agreement between [the parties] and a breach and violation of the price regulations of the Federal Energy Office, pursuant to the Economic Stabilization Act." The complaint pairs each allegation of breach of the agreement with an allegation of violation of the price regulations. The plaintiff's proposed conclusions of law and post-trial brief make it clear that the allegations of a breach of contract depended entirely upon a theory that, by operation of law, the regulations extended the contractual relationship beyond what would otherwise have been its termination by appropriate notice. All the issues raised on appeal concern regulations issued under the Act. Any possible ambiguity in the complaint concerning the source of the controversy is resolved by the substance of the proceedings at trial. Thus we conclude that the allegations of the complaint involve no controversy which did not arise under the Act.

■ Plaintiff requested that if we conclude we have no jurisdiction of the appeal, we transfer it to the Temporary Emergency Court of Appeals. We have no authority to do so. *Grand Blanc Education Association v. Grand Blanc Board of Education*, 624 F.2d 47, 49 (6th Cir. 1980); *see United States v. Wickland*, 619 F.2d 75 (TECA 1980).

The appeal is dismissed.