**1468**

CONSUMERS POWER COMPANY, et al., Plaintiffs-Appellees,

v.

DEPARTMENT OF ENERGY, et al., Defendants-Appellants.

No. 6–32.

Temporary Emergency Court of Appeals.

Argued Jan. 30, 1984.

Decided July 26, 1984.

As Amended Aug. 29, 1984.

Grant, Senior District Judge, dissented and filed opinion.

Samuel Soopper, Washington, D.C., with whom Thomas H. Kemp, Dept. of Energy, Washington, D.C., was on the briefs for appellants.

William H. Bode, Spriggs, Bode & Hollingsworth, Washington, D.C., with whom John E. Varnum, William C. Lane and Peter N. Weiss, Washington, D.C., of the same firm, and O.K. Peterson and James W. Dempsey, Consumers Power Co., Jackson, Mich., were on the brief for appellees.

Don L. Keskey, Asst. Atty. Gen., Lansing, Mich., with whom Frank J. Kelley, Atty. Gen., and Louis J. Caruso, Sol. Gen. for the State of Mich., Lansing, Mich., and Ronald D. Eastman, Sp. Asst. Atty. Gen., for the State of Mich., Washington, D.C., and Lewis K. Loss, Cadwalader, Wickersham & Taft, Washington, D.C., were on the brief for intervenor-appellee.

Before GRANT, PECK and MAXWELL, Judges.

MAXWELL, Judge.

Defendant-Appellant, the Department of Energy ("DOE"), appeals an order entered by the district court for the Eastern District of Michigan requiring it to include plaintiff-appellee Consumers Power Company ("Consumers") in the Entitlements Program for the period from the program's inception in November 1974 through January 1976.

The Entitlements Program was part of a comprehensive regulatory framework administered by DOE for the mandatory allocation and pricing of crude oil and refined petroleum products. *See* Emergency Petroleum Allocation Act of 1973, Pub.L. No. 93–159, 87 Stat. 627 (1973) *codified at* 15 U.S.C. §§ 751, et seq., 753(b)(1)(F) (1976). The Entitlements Program was designed to alleviate inequities which arose by virtue of the two-tier pricing system which was in effect from mid-1973 through late January 1981. Essentially, refiners with greater access to cheaper, price-controlled crude oil would make payments in the form of entitlements to refiners with less access to the cheaper price-controlled oil. This "spread the benefit of access to old price-controlled oil ... among all sectors of the petroleum industry, all regions of the country, and among all consumers of petroleum products...." *Cities Service Co. v. Federal Energy Administration*, 529 F.2d 1016, 1021 (TECA 1975), *cert. denied*, 426 U.S. 947, 96 S.Ct. 3166, 49 L.Ed.2d 1184 (1976).

On January 28, 1981, President Reagan decontrolled the price of crude oil. Executive Order 12287, 46 Fed.Reg. 9909 (1981). In response, DOE promulgated a "Clean-up Regulation" which provided for the issuance of a final Entitlements Notice (the "Entitlements Clean-up List") which would set forth final entitlement adjustments for the periods prior to decontrol. 46 Fed.Reg. 36092 (1981) *codified at* 10 C.F.R. § 211.69 (1983). The final Clean-up List has not been published.

From 1973 through December, 1979, Consumers operated a synthetic natural gas plant where it converted petroleum liquids, including lease condensate and Canadian plant condensate, into various products. The synthetic natural gas produced was sold to Consumers' gas customers.

On February 24, 1976, Consumers applied to the Federal Energy Administration for inclusion in the entitlements program and the resulting benefits as a seller of entitlements. This application was rejected. Consumers renewed its application on June 17, 1976. The Department of Energy then determined that Consumers was a refiner and was eligible to participate in the entitlements program on and after June 17, 1976.

Thereafter Consumers petitioned the Department of Energy for entitlement rights for the period of February 1976, the time of Consumers' first application, to June 16, 1976. The Agency through its Office of Hearings and Appeals denied such relief on April 14, 1981, finding that the record did not reveal that Consumers qualified as a refiner prior to June, 1976, and finding that retroactive relief should include an examination of Consumers' position as a refiner in the entitlement program prior to February 24, 1976, as well.

Consumers appealed to the district court, which essentially ruled that since the program was mandatory, Consumers should be included prior to June or February, 1976, if the synthetic natural gas plant made Consumers a refiner under the law. The court remanded to the agency.

On remand for a determination of eligibility, Consumers filed with DOE's Office of Hearings and Appeals a Motion for Determination of Refiners Eligibility, seeking a ruling that it was in fact eligible from November 1, 1974.

On March 2, 1983 the agency ruled that Consumers was in fact a "refiner", as defined by the regulations, from the period of November 1, 1974, through June, 1976. The agency further found that Consumers had not complied with the reporting requirements for the entitlements program as required by the agency's regulations and therefore was not eligible to receive the resulting benefits as a refiner. It was determined by the agency that the noncompliance with the reporting regulations amounted to an estoppel of Consumers from participating in the entitlements program as a seller of entitlements.

Upon returning to the district court, the agency's action was reversed as to Consumers being denied the right to participate in the entitlements program. The Court again repeated that the entitlements program was mandatory and ordered the

agency to calculate benefits due and owing to Consumers as a refiner, as was determined by the agency, from November 1, 1974. The district court's order of September 23, 1983 is the subject of this appeal.

As part of the regulatory scheme for the operation of the entitlements program, prior to its end in 1981, 10 C.F.R. § 211.66(h) required that adjustments or amendments to reports refiners were required to submit monthly were to be filed with the refiner's next monthly report. The "Clean-Up" regulation requires that all errors and adjustments to reports filed for the period October 30, 1980, to January 27, 1981, be filed with DOE by August 15, 1981. 10 C.F.R. § 211.69(c) and (d). From these regulations, DOE reasons that Consumers' information concerning entitlements prior to June, 1976, should have been on file with the agency prior to March 5, 1981 (flowing from 10 C.F.R. § 211.66(h)) or August 15, 1981, at the latest (flowing from 10 C.F.R. § 211.69(d)).

DOE then reasons that since Consumers had contacted it concerning the February through June, 1976, entitlements on January 13, 1981, the information for this period was received in a timely fashion. Since no information was received on the November, 1974, through February, 1976, period until after the first district court remanded order of September, 1982, it was untimely and could not be considered.

The Court is of the opinion that the August 15, 1981, deadline in the "Clean-Up" regulation, 10 C.F.R. § 211.69(c) and (d) is applicable only to the October, 1980, to January 27, 1981, reporting period; and that the March 5, 1981, deadline is intended to be applicable only to refiners submitting regular monthly reports under the entitlements program pursuant to 10 C.F.R. § 211.66(h). It would appear the August 15, 1981, deadline is inapplicable to this controversy and that the March 5, 1981, deadline is contrived, at best a strained interpretation.

Moreover, DOE's position ignores other language in the Clean-Up regulation and agency statements issued with the final rule which indicate that entitlement claims and obligations resulting from administrative or judicial determinations are eligible for inclusion in the entitlements "Clean-Up" list without regard to a reporting deadline. 10 C.F.R. § 211.69(d)(3). The agency has stated, "... This will include, for example, any administrative or judicial decisions which relate to months prior to the reporting period." 46 Fed.Reg. 36092, 36096 (July 13, 1981). See 46 Fed.Reg. at 36093.

DOE's position also appears to ignore the mandatory nature of the entitlements program as enunciated by the district court below, by this Court in *Cities Service Co. v. Federal Energy Administration, supra,* and by the agency itself in *Glacier Park Company* (Case No. FXA–1239) 6 F.E.A. ¶ 80,522 (July 18, 1977). The Court is of the opinion that DOE cannot ignore the mandatory nature of the entitlements program here simply because Consumers would benefit from inclusion, as compared with *Glacier Park Company* where the agency insisted on inclusion and the refiner stood to lose.

For the reasons stated above the court believes the conclusions and decision of the district court of September 23, 1983, is the correct application of the law and regulations to the facts and circumstances presented in the record before the court and the district court's order, the subject of this appeal, is affirmed.

GRANT, Senior District Judge, dissenting.

While the majority opinion is well-reasoned, I respectfully dissent because I conclude that the majority fails to accord adequate deference to the agency's interpretation of its own regulations.

It is axiomatic that this Court must accord great deference to an agency's interpretation of its own regulations. *Bahramizadeh v. U.S.I.N.S.,* 717 F.2d 1170, 1173 (7th Cir.1983); *Seneca Oil Co. v. Department of Energy,* 712 F.2d 1384, 1396 (TECA 1983); *General Crude Oil Co. v.*

*Department of Energy,* 585 F.2d 508, 515 (TECA 1978), *cert. denied,* 440 U.S. 912, 99 S.Ct. 1226, 59 L.Ed.2d 461 (1979); *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965), *rehearing denied,* 380 U.S. 989, 85 S.Ct. 1325 (1965) ("When the construction of an administrative regulation rather than a statute is in issue, deference is even more clearly in order.") This Court should uphold an agency decision even if it is of less than ideal clarity so long as the agency's path may reasonably be discerned. *McCulloch Gas Processing Corp. v. Department of Energy,* 650 F.2d 1216, 1221 (TECA 1981), quoting *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.,* 419 U.S. 281, 285–86, 95 S.Ct. 438, 441–442, 42 L.Ed.2d 447 (1974). By contrast, agency interpretations of administrative regulations that are plainly erroneous or inconsistent with the regulations are not entitled to deference by a reviewing court. *Koch Refining Co. v. U.S. Dept. of Energy,* 658 F.2d 799, 803 (TECA 1981). Applying these standards to the facts presently before this Court, I conclude that DOE properly found that Consumers had failed to comply with the regulatory reporting requirements.

Nor do I find it particularly meaningful that the district court concluded that participation in the Entitlements Program was mandatory for all refiners since the regulatory reporting requirements themselves are mandatory. In summary, the majority opinion produces an extraordinary result: program participants who fail to comply with any of the reporting requirements find themselves in the same or better position than program participants who diligently comply with the reporting requirements.