In re **COORDINATED PRE–TRIAL PROCEEDINGS IN PETROLEUM PRODUCTS ANTITRUST LITIGATION M.D.L. NO. 150.**

Nos. 9–87, 9–88.

Temporary Emergency Court of Appeals.

April 18, 1985.

Before McNICHOLS, WILLIAM H. BECKER and WESLEY E. BROWN, Judges.

ORDER GRANTING INTERLOCUTORY APPEAL IN TECA NO. 9–87 and DENYING INTERLOCUTORY APPEAL IN TECA NO. 9–88

The City of Long Beach (California) and the State of California, as plaintiffs in the above entitled multi-district litigation, petition this Court pursuant to 28 U.S.C. § 1292(b) and Rule 5(a), Federal Rules of Appellate Procedure, for permission to appeal from two separate partial summary judgments entered in the United States District Court for the Central District of California (The Honorable William P. Gray, presiding).

In the underlying litigation the plaintiffs brought an antitrust case against seven major oil companies. It was alleged that, from sometime in 1971 to the present, the oil companies conspired to fix the price of crude oil purchased from the plaintiffs. The case was transferred, as a multi-district litigation case, to the Honorable William P. Gray, United States District Judge for the Central District of California. The actions have been pending for some ten years.

On July 19, 1984, the transferee District Judge Gray entered a partial summary judgment, referred to by the parties herein as the "price control ruling". On December 17, 1984, the transferee District Judge entered a further partial summary judgment, referred to the parties herein as the "Entitlements Program Ruling". As part of the December 17, 1984 order granting a partial summary judgment the transferee District Judge entered an opinion recommending an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) from both the July 19th and the December 17th orders granting partial summary judgments. He specifically held:

"The court recognizes that this decision and the earlier decision with respect to the effect of federal price ceilings, which I announced July 17, 1984, involve controlling questions of law as to which there are substantial grounds for differences of opinion. I also believe that immediate appeal from these two decisions may materially advance the ultimate termination of this litigation. Accordingly, I commend to the Court of Appeals that such interlocutory appeal be allowed if requested."

Upon this state of facts the petitioners filed petitions for interlocutory appeals from the July 19, 1984 order and from the December 17, 1984 order, each granting partial summary judgment. Simultaneous petitions were filed with this Court and with the United States Court of Appeals for the Ninth Circuit. On January 22, 1985, the Ninth Circuit Court of Appeals entered an order stating that this Court has exclusive jurisdiction of these appeals. The Ninth Circuit Court of Appeals held in part as follows:

"Plaintiffs petition this court for permission to appeal two interlocutory orders under 28 U.S.C. § 1292(b). They have also filed similar petitions with the Temporary Emergency Court of Appeals. The Temporary Emergency Court of Appeals has exclusive jurisdiction over case arising under the Economic Stabilization Act, 12 U.S.C. § 1904 note, the Emergency Petroleum Allocation Act, 15 U.S.C. § 754(a)(1), and regulations thereunder. These appeals appear to qualify as arising under those provisions. (Citations omitted). Therefore, the petitions are denied, for lack of subject matter jurisdiction. This action is without prejudice to renewal of the petitions in the event that the Temporary Emergency Court of Appeals rules that it lacks subject matter jurisdiction."

The defendant oil companies object to the granting of an interlocutory appeal on the grounds:

1. That this Court lacks subject matter jurisdiction as to each matter appealed from;

2. That neither of the orders appealed from involve controlling questions of law;

3. That neither of the orders appealed from provide substantial ground for difference of opinion; and

4. That an interlocutory appeal would materially impede and delay, rather than advance, the ultimate determination of this litigation.

It is appropriate that we first examine the question of our jurisdiction to entertain these appeals.

■ The partial summary judgment of December 17, 1984 was rendered in an antitrust action by the City of Long Beach and the State of California against the defendant oil companies. Of the appeal on strictly antitrust issues, this Court has no subject matter jurisdiction. *Spinetti v. Atlantic Richfield Company*, 522 F.2d 1401 at

1403 (TECA 1975); *Longview Refining Company v. Shore*, 554 F.2d 1006 at 1009, note 5 (TECA 1977), *cert. denied* 434 U.S. 836, 98 S.Ct. 126, 54 L.Ed.2d 98 (1977). This partial summary judgment was based on an express finding that the cost of entitlements, under the Entitlements Program established under the Emergency Petroleum Allocation Act (EPAA), were so great that the plaintiffs were not entitled to any damages *in the antitrust action,* in respect to controlled lower tier oil from the Wilmington field. This Court does not have jurisdiction of damage issues in antitrust actions. If the partial summary judgment of December 17, 1984 involved an issue requiring construction and application of the Entitlements Program authorized by the EPAA, this Court would have exclusive jurisdiction of an appeal therefrom. *Consumers Power Company v. DOE,* 742 F.2d 1468 (TECA 1984); *Mobil Oil Corporation v. DOE,* 659 F.2d 150 (TECA 1981), *cert. denied* 454 U.S. 1110, 102 S.Ct. 687, 70 L.Ed.2d 651 (1981); *Petraco-Valley Oil & Refining Co. v. DOE,* 633 F.2d 184 (TECA 1980); *Husky Oil Company v. DOE,* 582 F.2d 644 (TECA 1978); *Cities Service Company v. Federal Energy Administration,* 529 F.2d 1016 (TECA 1975), *cert. denied* 426 U.S. 947, 96 S.Ct. 3166, 49 L.Ed.2d 1184 (1976); *Pasco, Inc. v. Federal Energy Administration,* 525 F.2d 1391 (TECA 1975).

This partial summary judgment, however, deals only with the collateral factual effect on antitrust damages of the unquestioned existence of the legal Entitlements Program from 1974 to 1977. Because there is no legal issue regarding construction or application of the EPAA or a regulation thereunder which would be presented for decision in the requested discretionary appeal, the permission for leave to appeal from this partial summary judgment of December 17, 1984 is denied.

■ With regard to the appeal from the July 19, 1984 order, the price control ruling, we find that the appeal raises issues concerning the exemption of some of the plaintiffs' crude oil from price controls and also the issue as to whether price controls under Phase III were voluntary. Such issues normally fall within the appellate subject matter jurisdiction of this Court. We find jurisdiction exists to entertain an appeal from the July 19, 1984 order of the district court.

We turn to the question of whether or not we should exercise our discretion and allow the petition for interlocutory appeal. Defendants urge that the trial court was in error in his opinion that the order of July 19, 1984 involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. While we are not obliged to accept the opinion of the court below, we should give great weight and deference to the opinion of the very experienced trial judge who has dealt in depth with this massive litigation for many years.

After a careful review of briefs and attachments thereto which have been filed in the record we conclude that the requirements of 28 U.S.C. § 1292(b) are met and that we should grant a discretionary appeal. We have reviewed the holding of a panel of this Court in *Lerner v. Atlantic Richfield Company,* 690 F.2d 203 (TECA 1982) and find that this case is clearly distinguishable.

IT IS THEREFORE ORDERED:

That the petition of the petitioners in TECA No. 9–87 for permission to appeal under the provisions of 28 U.S.C. § 1292(b) from the partial summary judgment order entered by the Court below on July 19, 1984 is granted. The plaintiffs-petitioners are directed to comply with provisions of Rule 5(d), Rules of Appellate Procedure.

IT IS FURTHER ORDERED:

That the petition of the petitioners in TECA No. 9–88 for permission to appeal under the provisions of 28 U.S.C. § 1292(b) from the partial summary judgment order entered by the Court below on December 17, 1984 is denied.