852 F.2d 568
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CONSUMERS POWER CO., Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF ENERGY, et al., Defendants-Appellees.
 No. 88-1073.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1988.
 
 Before ENGEL, Chief Judge, and DAVID A. NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff, Consumers Power Company, appealed to this court from an order granting in part and denying in part the plaintiff's motion for attorney fees. The defendants, the Department of Energy and its Secretary, appealed from the same order to the Temporary Emergency Court of Appeals ("TECA"). The defendants' appeal is pending on the docket of TECA as Case No. 6-37.
 
 
 2
 The defendants now move to dismiss the plaintiff's appeal on the ground that TECA has exclusive jurisdiction over the subject matter of the action. The defendants alternatively move to stay this appeal pending adjudication of the jurisdictional issue by TECA. The plaintiff has responded in opposition to the motion.
 
 
 3
 Consumers Power instituted this action in 1981 seeking to participate in the Entitlements Program pursuant to the Economic Stabilization Act of 1970, as amended ("ESA"), 12 U.S.C. Sec. 1904 note, and the Emergency Petroleum Allocation Act of 1973, as amended ("EPAA"), 15 U.S.C. Sec. 751 et seq. (The Entitlements Program was designed to equalize refiners' crude oil costs, on a per-barrel basis, despite wide variations in crude oil prices under a multitiered system of price controls. See generally Pasco, Inc. v. Federal Energy Admin., 525 F.2d 1391 (TECA 1975); Consumers Power Co. v. Dep't. of Energy, 742 F.2d 1468, 1469 (TECA 1984).) The district court ruled in favor of the plaintiff on the merits in this case, and that judgment was affirmed by TECA. Id. The plaintiff then sought prejudgment interest; the district court awarded such interest by order dated June 22, 1987. This award has been appealed by the Department of Energy and the Secretary; TECA Case No. 6-36.
 
 
 4
 On July 22, 1987, Consumers Power petitioned the district court for an award of attorney fees and costs. On December 23, 1987, the district court entered an order denying the attorney fee request in part and granting it in part. Appeals to TECA and this court followed.
 
 
 5
 TECA has exclusive jurisdiction over appeals "arising under" the Economic Stabilization Act of 1970 and the Emergency Petroleum Allocation Act of 1973. 12 U.S.C. Sec. 1904, note 211(b)(2); 15 U.S.C. Sec. 754(a)(1); Grand Blanc Ed. Ass'n v. Grand Blanc Bd. of Ed., 624 F.2d 47, 49 (6th Cir.1980); Coastal States Marketing, Inc. v. New England Petroleum Corp., 604 F.2d 179 (2d Cir.1979). If the allegations of the complaint call for the application of the ESA, then the lawsuit "arises under" the statute. Grand Blanc Ed. Ass'n v. Grand Blanc Bd. of Ed., 624 F.2d at 49, citing St. Mary's Hospital of East St. Louis, Inc. v. Ogilvie, 496 F.2d 1324, 1326 (7th Cir.1974). In determining whether appellate jurisdiction rests with TECA or with the regional courts of appeals, a court must examine the nature of the issue on appeal and not look solely at the nature of the underlying case or controversy. Gulf Oil Corp. v. Dep't of Energy, 639 F.2d 766, 767 (TECA 1981) (jurisdiction of appeal from interlocutory order supervising discovery proceedings is with Circuit Court of Appeals); Texaco, Inc. v. Dep't of Energy, 616 F.2d 1193 (TECA 1979) (where sole issue on appeal arises out of DOE Act, and Entitlements Act issue not addressed in underlying order, jurisdiction is with Circuit Court). Where the issue on appeal involves the construction, applicability or effect of either the ESA or the EPAA, appellate jurisdiction rests with TECA. See Atlantic Richfield Co. v. Dep't of Energy, 769 F.2d 771, 778-79 (D.C.Cir.1984).
 
 
 6
 The issues on appeal in the present case concern the plaintiff's right to recover attorney fees incurred for legal work performed at several different stages of this litigation. Plaintiff characterizes this as a "garden-variety award of attorneys' fees," and urges this Court to accept jurisdiction on the ground that no ESA or EPAA issue was adjudicated below. The magistrate's opinion, on which the district court's order relied, closely examined the Entitlements Program issues presented in each stage of the litigation, however, and awarded or denied attorney fees based upon the reasonableness of continuing to litigate these issues at the various stages. Appellate jurisdiction rests solely with TECA, in our view, determination of the attorney fee issues being inextricably intertwined with questions that only TECA can answer.
 
 
 7
 Some earlier cases suggest that an appeal must be dismissed once it is determined that there is no appellate jurisdiction. See, e.g., Grand Blanc Ed. Ass'n v. Grand Blanc Bd. of Ed., 624 F.2d at 49 n. 4, and St. Mary's Hospital, 496 F.2d at 187. After those opinions were rendered, however, Congress enacted legislation providing that if it is in the interest of justice, an appeal to the wrong court may be transferred "to any other ... court in which the ... appeal could have been brought...." 28 U.S.C. Sec. 1631. Because it is in the interest of justice to do so, we ORDER that this appeal be transferred to the Temporary Emergency Court of Appeals. The defendants' motion to stay is denied as moot.